## TETER v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 10, 1926. Rehearing Denied April 20, 1926.)

No. 3609.

**1. Poisons ⬤⟹9—Indictment for illegal sale of morphine held not insufficient because of small quantity charged to have been sold (Anti-Narcotic Act [Comp. St. § 6287g–6287q]).**

Indictment charging sales of 9 and 16 quarter-grain morphine tablets *held* not insufficient to state an offense under the Anti-Narcotic Act, because of small quantity charged to have been sold, though accused was a physician.

**2. Poisons ⬤⟹9.**

Whether sales of morphine tablets by a physician were in good faith or to pander to habits of addict *held* question for jury.

**3. Courts ⬤⟹96(1)—Anti-Narcotic Act held constitutional, following decision of Supreme Court (Comp. St. §§ 6287g–6287q).**

The decision of the Supreme Court, holding the Anti-Narcotic Act (Comp. St. §§ 6287g–6287q) constitutional, so long as it is not reconsidered by that court, precludes an inferior court from considering the question.

In Error to the District Court of the United States for the District of Indiana.

Criminal prosecution by the United States against Jacob P. Teter. Judgment of conviction, and defendant brings error. Affirmed.

L. Ert Slack, of Indianapolis, Ind., for plaintiff in error.

Albert Ward, of Peru, Ind., for the United States.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiff in error was convicted on the first three

counts of an indictment; the first charging a sale of 9 quarter-grain tablets of morphine to Emma Ferguson on October 13, the second, a similar sale to her on October 30, and the third, a sale to her of 16 of such tablets on October 31, all in 1924. On a fourth count, charging him with being a dealer in opium, he was acquitted. The court imposed a penalty of 3 years' imprisonment and $500 fine.

The errors on which plaintiff in error primarily relies are the overruling of his motion for directed verdict and of his motion in arrest of judgment. Evidence was adduced to to show that plaintiff in error was a practicing physician; that the witness Ferguson was a drug addict, and called at his office saying to him that she was an addict and had been informed she might get the drug of him, asked him to sell her some, and he did sell her 9 quarter-grain tablets of morphine, and something over two weeks after she went there again and he gave her a hypodermic injection of morphine and 9 or 10 more of the tablets, paying in each case $2 or $3 therefor, and that the next day after the last purchase she asked for more and he gave her a small bottle of cocaine for which she paid him $5; that on one occasion he told her he would give her more but that he did not treat her and made no arrangements for treating her, and that the transaction was simple purchase and sale of the drugs. He testified that he was to treat her, and that the treatment would begin when she had raised and paid him $125 in advance for the treatment. The complaining witness denied he was to treat her at all. It appears that all the time she was going there she was keeping the revenue officers informed, and that they supplied the money for at least the last purchase.

There was evidence of another woman to the effect that shortly before this she bought of him for quite a number of days in succession 30 grains of morphine each day for which she paid him each day the sum of $15; that he knew the fact that she was an addict, and that he was not treating her, and that she simply purchased from him the drug. He disputed her testimony, and it is asserted that she was a woman of very bad character and utterly unbelievable. Disputed questions of fact, as well as matters going to the credibility of witnesses, were for the jury to consider under the general guidance of the District Judge. It is without our province to determine which of the conflicting stories should have been accepted by the jury.

[1, 2] It is earnestly contended for plaintiff in error that the case is controlled by the

opinion of the Supreme Court in Linder v. United States, 268 U. S. 5, 45 S. Ct. 446, 69 L. Ed. 819, 39 A. L. R. 229. The case is relied upon, first, to indicate that the indictment here was not sufficient, and, second, that, even if sufficient, the evidence does not support the judgment. Although the indictment there under consideration was criticized, it was not distinctly held that it failed to state an offense in charging the selling of so small a quantity of narcotics as one tablet of morphine and three tablets of cocaine. The indictment there charged that the defendant was a physician; this does not state that the defendant was a physician. It charges the sale of a considerably larger quantity of the drugs, to wit: Count 1, 9 quarter grains; count 3, 16 quarter grains. The criticism of the court there was directed not so much to the indictment as to the court's charge to the jury, which was in effect that a physician may not give to a known addict a small quantity of drugs for self-administration "for the sole purpose in good faith of relieving conditions incident to addiction and keeping herself comfortable."

In the case at bar, while the quantity shown to have been sold was not large, nevertheless there was evidence tending to indicate that the sales were not in good faith from a physician's standpoint, and were for no other purpose than to enable this addict to further indulge her unfortunate propensities. He was not treating her, but he testified he would treat her as soon as she raised $125 to pay in advance for the treatment, and that she agreed to do this. If his testimony alone were to be considered, the case might fall within the strictures in the Linder opinion. But, as indicated, the complaining witness testified that she did not go there for treatment, but merely stated she was an addict and wanted the drugs; that he did not examine her, but gave her the drugs for which she paid on three occasions. She explained that on one occasion the reason why so small an amount was given her was that he stated his supply was low, but that he would then give her as much as he could spare. To the officer who arrested him he said he had no record showing the names of those to whom he dispensed narcotics, and he produced from his vest pocket a bottle which contained 67 quarter-grain morphine tablets. Notwithstanding two other physicians testified that in the treatment of addicts it was not improper to give them doses such as appear to have been given to the complaining witness, we are satisfied that under all the circumstances it was for the jury to say

whether or not these sales of drugs to the complaining witness were in good faith, or were solely for the purpose of pandering to the habit of a drug addict, and selling the drug.

No complaint is made of the charge of the court, and indeed it was not brought up.

[3] On oral argument, counsel for plaintiff in error urged the unconstitutionality of the Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), prompted no doubt by the opinion handed down a few days before in United States v. Daugherty, 46 S. Ct. 156, 70 L. Ed. —— (January 4, 1926), wherein the Supreme Court said:

"The constitutionality of the Anti-Narcotic Act, touching which this court so sharply divided in United States v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493, was not raised below, and has not been again considered. The doctrine approved in Hammer v. Dagenhart, 247 U. S. 251, 38 S. Ct. 529, 62 L. Ed. 1101, 3 A. L. R. 649, Ann. Cas. 1918E, 724, Child Labor Tax Case, 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, Hill v. Wallace, 259 U. S. 44, 67, 42 S. Ct. 453, 66 L. Ed. 822, and Linder v. United States, 268 U. S. 5, 45 S. Ct. 446, 69 L. Ed. 819 [39 A. L. R. 229], may necessitate a review of that question, if hereafter properly presented."

While this apparent challenge seemed to invite raising of the constitutional question, we are not at liberty to consider it, but are bound to follow United States v. Doremus and accept the conclusion of its constitutionality there reached, albeit by a "sharply divided" court.

The judgment is affirmed.