## BROWN v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit. November 16, 1927.

No. 3870.

**1. Poisons �köö9—Indictment for unlawfully dealing in opium, need not allege defendant was required to register (Harrison Anti-Narcotic Act [26 USCA §§ 211, 691–707]).**

Indictment under Harrison Anti-Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q), for unlawfully dealing in opium, need not allege that defendant was a person required to register and pay the special tax.

**2. Criminal law �köö1168(1)—Evidence introduced under count on which defendant was acquitted held not prejudicial, though considered under another count.**

Where evidence was introduced under a count on which defendant was acquitted, its consideration under another count was not prejudicial.

In Error to the District Court of the United States for the Western District of Wisconsin.

Criminal prosecution by the United States against Robert E. Brown. Judgment of conviction, and defendant brings error. Affirmed.

John A. Cadigan, of Superior, Wis., for plaintiff in error.

Harold E. Hanson, of Stoughton, Wis., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Plaintiff in error was tried on two counts of an indictment under the Harrison Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q).

He was charged with (1) the unlawful purchase, on or about September 9, 1925, of smoking opium; (2) unlawfully dealing in opium, etc., "on or about the 1st day of August, A. D. 1925, and on the 7th day of September, A. D. 1925, and at divers times between said dates."

A demurrer on the ground of the unconstitutionality of the act, and because neither count stated an offense, was overruled. Motions to direct a verdict and strike certain evidence were denied. Defendant was found guilty on the second count, and not guilty on the first. Motions for new trial and in arrest of judgment were overruled.

The constitutionality of the act is not an open question in this court. Teter v. United States, 12 F.(2d) 224.

[1] The objection urged to the second count is that it does not allege that the defendant was a person required to "pay the special taxes hereinafter provided." The demurrer was properly overruled. Wallace v. U. S. (C. C. A.) 243 F. 300, 304; Rothman v. U. S. (C. C. A.) 270 F. 31; Daugherty v. U. S. (C. C. A.) 2 F.(2d) 691.

The contents of the bill of exceptions was stipulated by the parties. The stipulation says: "That the same includes all of the testimony offered and introduced, and all motions and rulings thereon, and exceptions to such rulings." The judge approved that bill of exceptions. It appears that, during the trial, a written motion was handed to the court; but it is not properly in the transcript, because it follows the judge's certificate.

[2] But, assuming that that which does properly appear shows sufficiently a motion to strike out all evidence of transactions other than those on one of the days, or between the days, set out in count 2, we are of opinion that the motion was properly disallowed. The urge is that the offense, if any, is charged in the second count, is a continuing one, in which time is such a material element that it is error to admit evidence relating to dates outside of the time covered in the allegation. It is not necessary to decide that question, because the evidence objected to was competent under the first count. But, if not competent under that count, was its admission reversible error? Brown was tried and acquitted on that evidence under the first count, and it is not conceivable that such evidence could have been influential in bringing about the conviction under the second count, to support which there was much other evidence.

The judgment is affirmed.