## UNITED STATES v. PELLER.

### No. 78, Docket 21069.

United States Court of Appeals Second Circuit.

Dec. 1, 1948.

Reuben B. Shemitz, of New York City, for defendant-appellant.

John F. X. McGohey, U. S. Atty., of New York City (Bruno Schachner, Roy M. Cohn and John J. Donovan, Jr., Asst. U. S. Attys., all of New York City, of counsel), for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

On February 27, 1948, the appellant sent an exposed motion picture film by United States mail from the Southern District of New York to the Eastman Kodak Processing Plant in Flushing, N. Y., for the purpose of having it developed. When it was developed at the plant to which he sent it, there were revealed upon the film pictures of the appellant and a woman which were obscene, lewd and lascivious.

Appellant was tried by the court, a jury trial having been duly waived, on an indictment charging the above conduct to be a violation of 18 U.S.C.A. § 334 [now § 1461].[1] He was convicted and sentenced. This appeal is from that judgment. The appellant moved to dismiss the indictment on the ground that no crime was charged in that the undeveloped motion picture film was neither a "picture" nor a "print" within the meaning of the statute. The motion was denied and error in so ruling is the only issue on this appeal.

█ We think this film comes well within both the terms "picture" and "print" in their statutory meaning. True enough the statute as originally enacted in 1872, and as amended in 1876, 1888, 1908, 1909, and 1911, did not mention motion picture film by that name. It is also true that 18 U.S.C.A. § 396 [now § 1462] which makes unlawful the importation and transportation of any obscene "book, pamphlet, picture, paper, letter, writing, print, or other matter of indecent character" was amended in 1920 to make it for the first time expressly mention "motion-picture films," but this change dealing particularly with the importation of obscene matter and its carriage in this country may well have been thought necessary to meet some special circumstances not present in respect to the regulation of the mails. It has little significance in the absence of any showing of need for the change applicable alike to both statutes and even less has the 1923

amendment of the British Post Office Act (25 George 5 Chap. 15) to include "cinematograph films" which before had not been mentioned by that name. Certainly this change in a British statute throws no revealing light on the subject of the failure of Congress to amend a statute of its own.

█ Had this film been developed when mailed, the pictures or prints upon it would have been visible and no one can doubt that it would have been nonmailable exactly as though the "pictures" or "prints" had been on paper or some other material which would serve for that purpose. Statutes are to be construed by attributing its ordinary meaning to the language used. It is common practice to speak of the exposure of film in a camera as the taking of pictures. We can find no rational distinction between such pictures and others made in some other way. Nor does it matter that the obscene matter was invisible until it was treated to bring it out into view. The amendments show that Congress intended to cover matter which was both sealed and unsealed while in the mails, and the phrase "or other publication of an indecent character" must be read to include matter which like many letters might not be "published" until received and opened. It is clear that sealed matter in the opaque envelope which is commonly used would have to be exposed to view by withdrawal from the envelope, and one could hardly doubt that if what was then brought to light was an obscene picture or print in invisible ink which could readily be treated to make it visible the statute would cover it. Such depictions of obscenity as are involved herein come within the evil sought to be remedied by the statute and, fairly within the language used, they are nonmailable either as "pictures" or "prints" even though they are a part of what may be known in its entirety as a motion picture film.

Judgment affirmed.

---

[1] The pertinent part of this statute reads: "Every obscene, lewd, or lascivious, and every filthy * * * picture, * * * print, or other publication of an indecent character * * * is hereby declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier. Whoever shall knowingly deposit * * * for mailing or delivery, anything declared by this section to be nonmailable * * * shall be fined not more than $5,000, or imprisoned not more than five years, or both."