**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Hoyet REDMOND and Dorothy Lucille Redmond, Defendants-Appellants.**

**No. 16298.**

United States Court of Appeals
Sixth Circuit.

Jan. 26, 1966.

Alfred H. Knight, III, Nashville, Tenn., for appellants, Hooker, Hooker & Willis, Nashville, Tenn., of counsel.

James F. Neal, U. S. Atty., Carrol D. Kilgore, Asst. U. S. Atty., Nashville, Tenn., on the brief, for appellee.

Before PHILLIPS, Circuit Judge, McALLISTER, Senior Circuit Judge, and BROOKS, District Judge.*

PER CURIAM.

Appellants were charged with violating 18 U.S.C. § 1461, the federal mail obscenity statute. They waived indictment and jury trial and were tried on informa-

tion before District Judge William E. Miller, who found them guilty and sentenced Mr. Redmond to a term of nine months' imprisonment and Mrs. Redmond to a term of six months.

We affirm both convictions upon the findings of fact and conclusions of law of the district judge, which are as follows:

"Findings of Fact

"The Court finds the facts of the case to be in accordance with the stipulation entered into between the parties, as follows:

"1. Early in March 1964, the defendant William Hoyet Redmond saw an advertisement in a magazine advertising a club which operated under the name of 'Identification' as being a correspondence club for broadminded persons. The defendant William Hoyet Redmond thereupon instructed and caused his wife, Dorothy Lucille Redmond, to write a letter in response to the advertisement to Identification, P. O. Box 153, Havelock, North Carolina, to find out the details of the services offered by the said correspondence club. In reply to the said letter, Mr. and Mrs. Redmond received the letter postmarked March 8, 1964, indicating that the said club offered various services including contact with other broadminded couples and the developing of confidential photographs; that the membership fee for joining the said club was $1.00 per person for a year's membership and that the charge to members for the developing and printing of such confidential negatives was $2.00 per roll of negatives.

"2. Shortly thereafter, the defendants took nude photographs of each other. Thereupon the defendant William Hoyet Redmond, caused his wife, the defendant Dorothy Lucille Redmond, to write a letter to Identification, P. O. Box 153, Havelock, North Carolina, enclosing the

---

* Honorable Henry L. Brooks, United States District Judge for the Western District of Kentucky, sitting by designation.

roll of exposed but undeveloped photographic film of the said Mr. and Mrs. Redmond. With this letter, the defendants mailed to the said address of 'Identification' a roll of 620 mm film with $4.00 cash for membership fees and for developing and printing of the roll of negatives.

"3. The operators of Identification, who corresponded under the names of Ken and Peg Hallbeck, developed and printed the said negatives which had been sent to them by the defendants Redmond. They then mailed the developed negatives with eleven prints in an envelope addressed to Mr. and Mrs. Redmond, 901 Halcyon Street, Nashville, Tennessee, which envelope, negatives, and prints, were mailed on April 1, 1964, and were delivered to the home of Mr. and Mrs. Redmond, 901 Halcyon Street, Nashville, Tennessee, and received by them from the mails, on or about April 4, 1964.

"4. The said photographs included a number of photographs of the defendant Dorothy Lucille Redmond which showed her bosom and vaginal area, along with closer and more detailed view of the vagina. Additionally, there were two photographs showing Mr. Redmond's genitals.

"5. The parties further stipulate that the actual photographs, which are in the possession of the United States Attorney, may be introduced and received into evidence without supporting testimony in the event the Court feels that the said photographs should be made a part of the record.

## "CONCLUSIONS OF LAW

"1. The developed photographs or pictures which were mailed to the defendants by 'Identification' from Havelock, North Carolina, in March 1964 constituted obscene, lewd and lascivious articles or things within the meaning of 18 U.S.C.A., Sec. 1461.

"2. The defendants upon the facts of the present case knowingly caused the said photographs to be delivered through the mail according to the direction thereon, and consequently they violated the terms and provisions of 18 U.S.C.A., Sec. 1461.

"3. The defendants upon the facts of the present case are guilty as charged in the one count information filed herein on October 15, 1964, and the Court accordingly so finds."

Affirmed.