REDMOND ET UX. *v.* UNITED STATES.

No. 1056.   Decided May 23, 1966.

*John Jay Hooker, Jr.,* for petitioners.

*Solicitor General Marshall* for the United States.

PER CURIAM.

The petition for certiorari is granted.   The Court of Appeals for the Sixth Circuit affirmed the conviction of petitioners, husband and wife, under an information charging them with violating the federal obscenity statute, 18 U. S. C. § 1461 (1964 ed.), by having mailed undeveloped films of each other posing in the nude to an out-of-state firm for developing, and having received through the mails the developed negatives and a print of each.

In response to the certiorari petition, the Solicitor General has filed a motion requesting that the judgment of the Court of Appeals for the Sixth Circuit be vacated and the cause remanded to the District Court with directions to dismiss the information.   The ground of the motion is that "the initiation of the instant prosecution was not in accord with policies which had previously been formulated within the Department [of Justice] for the guidance of United States Attorneys."   The policies referred to are set forth in a memorandum to United States

Attorneys, dated August 31, 1964. The memorandum states, in pertinent part, that prosecution for mailing private correspondence which is allegedly obscene "should be the exception confined to those cases involving repeated offenders or other circumstances which may fairly be characterized as aggravated." The Solicitor General states that there are no such exceptional circumstances warranting a prosecution of petitioners: "They were not repeated offenders. They had no record of involvement with obscene materials or sex-related offenses and no apparent opportunity for close association with young people. No other aggravating circumstance appears to be present."

In consideration of the premises and upon an independent examination of the record filed in this Court, the motion is granted. The judgment of the Court of Appeals is accordingly vacated, the cause is remanded to the District Court, and that court is directed to dismiss the information. See *Petite* v. *United States*, 361 U. S. 529.

*It is so ordered.*

MR. JUSTICE STEWART, with whom MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS concur, would reverse this conviction, not because it violates the policy of the Justice Department, but because it violates the Constitution.