**Nesbert W. COX and Marvin P. McGuire,**
**Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20000.**

United States Court of Appeals
Ninth Circuit.

Jan. 5, 1967.

Edward L. Lascher, Van Nuys, Cal., for appellants.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Michael P. Balaban, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and BARNES and ELY, Circuit Judges.

PER CURIAM:

Appellant Cox was convicted of transmitting obscene material by mail, an offense defined by 18 U.S.C. § 1461. Appellant McGuire was convicted of aiding and abetting. 18 U.S.C. § 2.

One of the appellants lived in Pacoima, California, and the other in San Francisco, California. They became friendly through an exchange of correspond-

ence, and Cox gratuitously mailed to McGuire sealed envelopes containing photographs which are not denied to be obscene. There is no evidence that appellants intended that their correspondence be other than private or that the photographs be seen by others than themselves.

At about the time of oral argument, the Supreme Court announced its decision in Redmond v. United States, 384 U.S. 264, 86 S.Ct. 1415, 16 L.Ed.2d 521 (1966). It vacated convictions of violation of 18 U.S.C. § 1461 upon motion of the Solicitor General of the United States. The Solicitor General had advised the Court that following the conviction of the petitioners in *Redmond,* the Department of Justice had adopted and pursued a policy that persons exchanging private obscene correspondence should not be prosecuted save in "those cases involving repeated offenders or other circumstances which may fairly be characterized as aggravated." 384 U.S. at 265, 86 S.Ct. at 1416. A minority of three Justices noted that it would "reverse this conviction, not because it violates the policy of the Justice Department, but because it violates the Constitution." 384 U.S. at 265, 86 S.Ct. at 1416.

We requested the Solicitor General "to furnish * * * an expression of his views as to the subject case in the light of the position taken by him in Redmond v. United States, 384 U.S. 264 [86 S.Ct. 1415] (1966) and the opinion of the Supreme Court in that case." In response, the Department of Justice has now moved our court "for an order vacating the judgment below, and remanding this cause * * * with direction to dismiss the indictment."

In *Redmond,* the Supreme Court established a precedent which we are obliged to respect. See also, Petit v. United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). Accordingly, the judgments of conviction herein are vacated. Upon remand, the District Court will dismiss the indictment.

Reversed with direction.