**Cecil B. HEATH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18535.**

United States Court of Appeals
Eighth Circuit.

April 10, 1967.

De Loss McKnight, of McKnight & Blackburn, Wynne, Ark., for appellant.

William F. Sherman, Asst. U. S. Atty., Little Rock, Ark., for appellee. Robert D. Smith, Jr., U. S. Atty., Little Rock, Ark., was with him on the brief.

Before MATTHES, LAY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

Appellant, Cecil Bailey Heath, with the advice of counsel and after a careful explanation of the charge by District Court Judge Oren Harris, entered a plea of guilty on May 23, 1966, to a charge of transmitting obscene material through the mails in violation of 18 U.S.C. § 1461. A three-year sentence was imposed by the court.

On June 20, 1966, the appellant, relying solely upon Redmond v. United States, 384 U.S. 264, 86 S.Ct. 1415, 16 L.Ed.2d 521 (1966) (decided the day the appellant plead guilty), filed a motion, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, asking the court to either vacate the judgment of conviction and dismiss the information or to suspend the sentence during good behavior. The court denied the motion, but modified the sentence to provide that the appellant would be eligible for parole after serving one year of the term. This is an appeal from the decision of the lower court denying the appellant's motion. No question is raised as to the constitutionality of the statute as applied to private correspondence.

In Redmond, a husband and wife were convicted of violating the federal obscenity statute by having mailed undeveloped, and received through the mails, the developed film of each other posing in the nude. Their conviction was affirmed by the Sixth Circuit Court of Appeals, 355 F.2d 446.

Granting certiorari, the Supreme Court, in a per curiam opinion, vacated the judgment and directed the dismissal of the information upon motion of the Solicitor General. In his motion, the Solicitor General stated that prosecution for mailing private correspondence which is allegedly obscene "should be the exception confined to those cases involving repeated offenders or other circumstances which may fairly be characterized as aggravated."

The Redmond case established no rule of law other than that the Supreme Court may, under the provisions of 28 U.S.C. § 2106, honor a request of this nature from the Solicitor General. See Petite v. United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960); Cox v. United States, 370 F.2d 563 (9th

Cir. 1967). In *Cox* the Ninth Circuit honored a similar request.

■ Here, no request has been made by the Solicitor General to vacate the judgment, nor will we, under the circumstances of this case, vacate it on request of the appellant.

The appellant's second contention, raised for the first time on appeal, is that 18 U.S.C. § 1461, does not prohibit the mailing of "lewd" private consensual correspondence. The appellee concedes the correspondence to be private but argues that the record does not disclose whether it was consensual or non-consensual. The indictment to which the appellant pled guilty, insofar as is material, read as follows:

"That * * * [appellant] knowingly and unlawfully deposited for mailing in the United States Post Office at Forrest City, Arkansas, an obscene, lewd, lascivious, and filthy letter, addressed to 'Candi and Pete Allen, * * * Newport Beach, California', postmarked Forrest City, Ark, Feb. 16, 1965, * * *."

■ Given the appellant's plea of guilty to this indictment, and absent a clear showing in the record or a finding by the trial judge that the correspondence was consensual, we have no basis in the record to consider the letter as being anything more than a private "lewd" letter. As such, is covered by the statute. United States v. Darnell, 316 F.2d 813 (2d Cir. 1963); Ackerman v. United States, 293 F.2d 449 (9th Cir. 1961); Cain v. United States, 274 F.2d 598 (5th Cir. 1960), cert. denied, 362 U.S. 952, 80 S.Ct. 864, 4 L.Ed.2d 869 (1960); Thomas v. United States, 262 F.2d 844 (6th Cir. 1959).

The final argument made on appeal is that the three-year sentence—the statutory limit being five years—amounted to "cruel and unusual" punishment.

■ The rule is well established that an appellate court may not disturb a sentence which is within the limits allowed by a statute. In Gurera v. United States, 40 F.2d 338, 340–341 (8th Cir. 1930), this Court said:

"'* * * If there is one rule in the federal criminal practice which is firmly established, it is that the appellate court has no control over a sentence which is within the limits allowed by a statute. * * *'"

See Black v. United States, 269 F.2d 38 (9th Cir. 1959); Smith v. United States, 273 F.2d 462 (10th Cir. 1959); Brown v. United States, 22 F.2d 293 (7th Cir. 1955); Hemans v. United States, 163 F.2d 228 (6th Cir. 1947), cert. denied 332 U.S. 801, 68 S.Ct. 100, 92 L.Ed. 380 (1947), rehearing denied 332 U.S. 821, 68 S.Ct. 152, 92 L.Ed. 397 (1947).

Affirmed.