Ralph S. ARMIJO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20907.

United States Court of Appeals Ninth Circuit.

Oct. 16, 1967.

as parents, employers, fraternity members or fiance. Each letter purports to describe in detail alleged immoral sexual conduct of the young lady referred to. An important thing about the letters is that they purport to describe what the writer personally observed from some vantage point outside the bedroom window or some other similar place, asserting that everything described was seen by the writer, and the letters described with minutest detail everything that purportedly went on.

After detailing the conversation between the bed companions, the exclamations of pleasure and excitement made by the young women, the long period of sexual intercourse alleged to have been observed by the writer, the writer proceeds to tell how the parties then turned to acts of sex perversion and of degenerate bestiality. These portions of the letters appear to be not merely obscene but represent hard core pornography.[1] In short, the writer of the letter instead of confining himself to a statement that he observed these young ladies in the act of sexual intercourse on these occasions, described every word, movement and exclamation in great detail, particularly inserting all references to the excitement and satisfaction expressed by the women.

There is no question but that the letters here involved come within the definition of obscenity stated by the Supreme Court.[2]

It is argued that these letters, which are in a sense private letters addressed only to a few people, cannot

James Hewitt, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., David R. Urdan, Asst. U. S. Atty., San Francisco, Cal., Robert Mahoney, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before CHAMBERS, POPE and ELY, Circuit Judges.

POPE, Circuit Judge.

In this case the appellant was charged in the court below under a four count indictment with the mailing of obscene material in violation of Title 18 U.S.C. § 1461. The alleged obscene matter consisted of four separate letters admittedly mailed by the appellant to four young women, with copies to other persons associated with the young women either

---

1. For a reference as to what constitutes hard core pornography see Kahn v. United States, 5 Cir., 300 F.2d 78, 86, containing quotations from Mr. Justice Frankfurter.

2. In Memoirs v. Com. of Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 977, 16 L.Ed.2d 1, the Court said: "We defined obscenity in Roth in the following terms: '[W]hether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest.' 354 U.S., at [476,] 489, 77 S.Ct. [1304], 1311, [1 L.Ed.2d 1498]. Under this definition, as elaborated in subsequent cases, three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."

come within the definition of obscenity because, unlike a book of general circulation, they do not appeal to the prurient interest of a large number of readers but are calculated to arouse resentment and disgust in the few persons to whom they are addressed. This court disposed of that sort of argument holding it invalid in Ackerman v. United States, 9 Cir., 293 F.2d 449, 453, as follows: "To hold otherwise, and to qualify the Roth standard, as defendant suggests, in cases involving non-commercial private correspondence, would facilitate one of the mischievous and reprehensible practices, which the statute was designed to prevent—the indiscriminate mailing of filthy and obscene, although purportedly private letters by crackpots or perverts whose convictions would be made to depend, not upon any general standard of obscenity, but upon the reactions and views of particular addressees."

The judgment is affirmed.