Erich **SPILLMAN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23092.

United States Court of Appeals
Ninth Circuit.

June 17, 1969.

Rehearing Denied July 23, 1969.

Certiorari Denied Nov. 17, 1969.

See 90 S.Ct. 265.

Philip M. Haggerty (argued), Murray Miller, Phoenix, Ariz., for appellant.

Morton Sitver, Asst. U. S. Atty., (argued), Edward E. Davis, U. S. Atty., Phoenix, Ariz., for appellee.

Before DUNIWAY and CARTER, Circuit Judges, and CROCKER, District Judge.

CROCKER, District Judge:

Erich Spillman, appellant herein, was charged by indictment in the United States District Court for the District of Arizona of one count of conspiracy in violation of 18 U.S.C. § 371 and two counts of mailing obscene material through the United States mails in violation of 18 U.S.C. § 1461. After a jury trial, he was convicted on all three counts and was sentenced to concurrent sentences of two years on each count. He filed a timely appeal to this court which has jurisdiction under 28 U.S.C. § 1291.

Co-defendant Cucitro, found guilty on counts one and three of the indictment, received a suspended sentence and has not noticed an appeal.

Title 18 U.S.C. § 1461 provides in pertinent part as follows:

"Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance; * * * is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier.

"Whoever knowingly uses the mails for the mailing, carriage in the mails, or delivery of anything declared by this section to be nonmailable, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by person to whom it is addressed, or knowingly takes any such thing from the mails for the purpose of circulating or disposing thereof, or of aiding in the circulation or disposition thereof, shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense, * * *."

The parties in this case have stipulated that the motion pictures (showing acts of sexual intercourse) which are the subject matter of this prosecution and appeal are in fact obscene within the meaning of Title 18 U.S.C. § 1461. Appellant and the co-defendant Cucitro arranged for two persons to act out a scene which the two of them were to photograph at

a local Phoenix motel. Apparently one defendant photographed the scene with one camera, and the other photographed the same scene with a different camera. One of the rolls of film was a black and white 16mm film. This film was taken to a local camera store in Phoenix by the appellant. The co-defendant accompanied the appellant to the camera store. The appellant engaged in a short discussion with the employee of the camera shop concerning the processing of the film, who then sent the undeveloped film to a commercial processor in Denver. During the conversation between Spillman and the camera store employee, the co-defendant was "wandering around the store" but apparently in close proximity of the appellant and the employee.

After the film was mailed to Denver it was processed and then turned over to the United States postal inspector by the film processor. The developed film was then sent to Robert Fox, a postal inspector in Phoenix. After receipt of the film, Fox showed it to one of the "actors" in the film who identified it.

The 8mm roll of color film was of a type which has a prepaid processing agreement whereby the charge for processing is paid for at the time the film is purchased and the commercial processor develops the film and returns it to the purchaser by virtue of a contract with the film manufacturer. The 8mm film was connected to the appellant, Spillman, by the testimony of a handwriting expert who stated that the envelope used to mail the film to Denver was in Spillman's handwriting. The mailing envelope also possessed Spillman's home address on it as a return address. This film was received by the same film processing concern in Denver, developed and likewise turned over to the same postal inspector and in the same manner mailed to Mr. Fox in Phoenix, where it was also similarly identified.

Shortly before the close of the Government's case, and upon the representation of the Assistant United States Attorney that the further evidence to be presented could not connect defendant Cucitro with the 8mm film, the court directed a dismissal as to the defendant Cucitro on that count, Count Two of the indictment, which involved the 8mm film. At the close of all of the evidence, the defendants moved for directed verdicts of acquittal which were denied.

Appellant contends:

1. That the memorandum letter circulated by the Department of Justice to the United States Attorneys has unofficially promulgated a policy of non-prosecution of offenders within a class which the appellant falls;

2. That since there is no evidence that the appellant intended that the material mailed be other than private or that the photographs be seen by others than themselves, the conviction must be vacated and the indictment dismissed;

3. That the only mailing by the appellant was the mailing of undeveloped film which is incapable of being obscene, lewd, lascivious, indecent, filthy, or vile;

4. That there was error in the trial court's refusal to give co-defendant's requested instruction Number 1;*

5. That the defendant was deprived of due process of the law because the governmental employees (the postal inspectors) were not prosecuted for the mailing of the developed films; and

* Defendant's Requested Instruction No. 1
   In addition to the elements incumbent upon the Government to prove the defendant's guilt, which elements I have or will instruct you upon, the Goverment must prove beyond a reasonable doubt that the defendant possessed a specific intent and purpose at the time the materials were mailed.
   The specific intent and purpose must consist of a state of mind of the sender to-
wards the intended recipient, in that the sender specifically intended at the time of the mailing that the materials when received and viewed by the recipient, would arouse or appeal to the prurient interests of the recipient.
   Gagliardo v. United States, 366 F.2d 720, 724 (9th Cir. 1966); Mishkin v. State of New York, 383 U.S. 502, 509, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966).

6. That there was insufficient evidence to allow a jury to determine whether there was the existence of a criminal conspiracy or not.

■■ The main thrust of the appellant's argument is that the prosecution of the appellant violated a policy of the Department of Justice. The appellant pointed out that the United States Department of Justice circulated a memorandum, dated August 31, 1964, to all United States Attorneys which, to quote the United States Supreme Court in Redmond v. United States, 384 U.S. 264, 86 S.Ct. 1415, 16 L.Ed.2d 521, declares:

"The memorandum states, in pertinent part, that prosecution for mailing private correspondence which is allegedly obscene 'should be the exception confined to those cases involving repeated offenders or other circumstances which may fairly be characterized as aggravated.'"

This court cannot inquire into the motives of the United States Attorney for prosecuting this appellant. The United States Attorney must be given wide latitude in order to effectively enforce the federal criminal laws. The policy which the appellant complains of is wholly voluntary in nature and is not founded on case law which would require this court to implement such a policy. Ackerman v. United States, 293 F.2d 449 (9th Cir. 1961); Armijo v. United States, 384 F.2d 694 (9th Cir. 1967), certiorari denied, 390 U.S. 974, 88 S.Ct. 1074, 19 L.Ed.2d 1186 (1968). The cases which the appellant cited involve instances where a dismissal is requested by the United States of America. There has been no such request made by the United States of America in this case.

■ The policy complained of by the appellant does envision prosecution of obscenity offenses committed by sex offenders, repeated violators, or cases involving aggravated circumstances. Unlike the situation in Cox v. United States, 370 F.2d 563 (9th Cir. 1967), the record fails to establish that the film was to be used solely for the amusement of the appellant. Also, the obscene pictures were of individuals who were "actors" rather than of the defendants. See, Redmond v. United States, supra. The trial court did not err in denying motion for judgment of acquittal made on the grounds that a governmental policy had been violated.

The appellant attempted to buttress his argument that the prosecution of this case violated a policy of the Department of Justice with the contention that the processing of these films was private correspondence, as essentially the appellant was mailing the pictures to himself. The appellant urges that he did not even have another party to whom the pictures were sent, as in Cox, so this is even more clearly private correspondence. To the contrary, the film processing concern reported the receipt of the film to the postal inspector. There is no evidence that the company consented to the exchange of the obscene film.

■ The appellant argues the only thing which was mailed, or caused to be mailed, was undeveloped film. The appellant urges that until it is processed it is a mere potentiality and not an actuality. The fact that the films sent through the mails were not developed when mailed does not preclude a conviction for conspiracy or for the substantive offenses. United States v. Peller, 170 F.2d 1006 (2nd Cir. 1948).

■ The defendant submitted a requested instruction stating that before the jury could find the defendants guilty they must find that the defendants had the specific intent to arouse or appeal to the prurient interests of the recipient. See, footnote (*) which sets out the requested instruction Number 1 in haec verba. The issue of whether material appeals to prurient interests comes within the definition of obscenity. Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966); Mishkin v. State of New York, supra;

Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). The appellant cannot stipulate to obscenity in order to avoid having the jury view the films and then claim they are not really obscene within the definition or meaning of the statute.

■ The trial court gave an adequate instruction on specific intent (R.T. page 276). Gagliardo v. United States, supra, cited by the appellant, is distinguishable in that there was not a stipulation in that case as to the element of obscenity. In the present case there was no dispute on the issue of the obscene nature of the films; nor did the trial court give a "secret" instruction such as the one held in *Gagliardo* to be inconsistent with the instruction on specific intent. This court holds that when the defendant has agreed to a stipulation as to the obscenity of the material placed in the mails, the only intent required is the intent to mail or knowingly deposit in the mails such obscene material.

■ The question of whether the governmental employees connected with the postal authorities have violated the law would not be relevant to the issue of appellant's guilt or innocence. Obviously, when an agent mailed the evidence (films) during the course of the investigation it was without any specific intent to violate the law. The appellant's contention that he was being denied due process of the law on account of the non-prosecution of the governmental employees is wholly lacking in merit.

The appellant next contends that there is not one iota of evidence that the defendants entered into a conspiracy to place anything in the United States mails. The evidence clearly shows that appellant and co-defendant were present at the planning stages of the film. Both participated in the actual photograph of the movie. The camera store employee told appellant that the films would have to be sent to Denver in order to be developed. Defendant Cucitro was within ten feet of the appellant and the store employee's voice was audible. The record contains sufficient evidence to allow a jury to determine whether or not a criminal conspiracy exists.

Affirmed.