**Ralph NADER et al., Plaintiffs,**

**v.**

**Richard G. KLEINDIENST et al.,
Defendants.**

**Civ. A. No. 243-72.**

United States District Court,
District of Columbia.

Jan. 29, 1973.

Wm. A. Dobrovir, Washington, D. C., for plaintiffs.

David Anderson, Justice Dept., Paul Wohl, Courtney Whitney, Jr., H. Graham Morison, George B. Haddock, Washington, D. C., for defendants

## MEMORANDUM AND ORDER

BRYANT, District Judge.

On motions to dismiss in this purported class action for declaratory relief and a writ of mandamus. Plaintiffs bring suit against the Attorney General of the United States (Attorney General), the United States Attorney for the District of Columbia (U. S. Attorney), the Clerk of the House of Representatives (the Clerk), and the Secretary of the Senate (the Secretary), seeking a declaration that the defendants have failed to enforce the Federal Corrupt Practices Act (FCPA);[1] that the defendants Attorney General and U. S. Attorney have failed to exercise their discretion to commence criminal prosecutions against violators of the FCPA; and an order "in the nature of mandamus" compelling all of the defendants to enforce the FCPA and compelling the Attorney General and U. S. Attorney to exercise their discretion and commence criminal prosecution against individual violators of the Act. Specifically, plaintiffs seek enforcement of the Act for violations which allegedly occurred during the years 1968 and 1970, and upon which the statute of limitations has not run.[2]

The defendants Clerk and Secretary move to dismiss on the grounds that the plaintiffs lack standing to sue and that the FCPA imposes no enforcement duties upon them. The defendants Attorney General and U. S. Attorney move to dismiss on the ground that plaintiffs lack standing, and on the additional ground that their action or inaction in enforcement of the Act is solely within their prosecutorial discretion and not subject to judicial direction or review.

We consider first the question of standing. Plaintiff Nader asserts that he is a voter, and plaintiff Public Citizen, Inc. that it represents voters, and that Nader individually and those whom plaintiffs represent were, due to the defendants' non-enforcement of the FCPA, deprived of relevant information during the 1968 and 1970 elections upon which to cast their ballots. Plaintiffs also assert that the finance reporting requirements of the Act were specifically intended to give information to voters to take into account in casting their votes; and that defendants' refusal to enforce such requirements was responsible for "widespread" failure of candidates to file timely reports, all to plaintiffs' direct injury.

The defendants, on the other hand, argue that plaintiffs have only a "general interest" in having the FCPA enforced; an interest not belonging exclusively to plaintiffs but to all citizens equally that the laws be enforced. Secondly the defendants assert that plaintiffs' alleged injury is not direct and concrete, that if plaintiffs have been injured at all their quarrel is with those candidates who have refused to file timely information. Finally defendants assert that plaintiffs' alleged injury is "wholly conjectural" in the sense that plaintiffs are merely speculating that investigation and prosecution of violators of the FCPA would have a deterrent effect upon others. On the contrary, de-

---

1. 2 U.S.C. §§ 241–256.

2. Plaintiffs request this relief under 18 U.S. C. § 3282. The FCPA was repealed by the Federal Election Campaign Act of 1971, 86 Stat. 3.

**1140**

fendants argue, because the FCPA was "unworkable" and filled with "loopholes," that ". . . [s]trict enforcement . . . might very well have encouraged candidates to take advantage of the loopholes, and plaintiffs, instead of having untimely information might well have had no information at all." Believing that defendants' latter argument was not seriously advanced, the court will give it like consideration. The obvious answer of course is that if such a situation presented itself the legislative process could have been invoked to have the "loopholes" filled.

■ "The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' " [3] A court looks for "standing" in order to assure that the dispute will be presented in an adversary context and in a form capable of judicial resolution.[4] Plaintiffs allege that they were injured as a result of defendants' failure to enforce the FCPA, and the court feels that this allegation provides the injury in fact element of the standing requirement.

■ In addition to showing injury in fact, a plaintiff must also show that he is within the zone of interest sought to be protected by the statute in question.[5] The requirements of the FCPA that the filed financial reports be made public and that they be filed before an election suggests that at least one purpose of the Act was to provide voters with relevant information upon which to base an informed decision. Therefore the court

finds that plaintiffs have shown themselves to be within the zone of interest sought to be protected by the Act.

The court also finds that plaintiffs have shown the necessary "logical nexus" between the status asserted and the claim presented for adjudication.[6] The defendants' argument that plaintiffs' quarrel is with the tardy candidates ". . . fails to focus on the exact nature of the grievance appearing in the complaint." [7] Here, as in *Diggs, supra,* plaintiffs' injury may have been caused directly by the acts of third parties, and thus their primary quarrel with them. "But this does not foreclose the existence of a judicially cognizable dispute between . . . (plaintiffs), on the one hand, and . . . (defendants), on the other, who are said to be acting in derogation . . ." [8] of their statutory and constitutional duties. Having met all of the requirements, the court holds that plaintiffs have standing to pursue this action.

■ The plaintiffs allege that the Clerk and the Secretary failed to enforce the Act in that they did not forward to the Attorney General the names of those persons whom they knew to have violated the Act. These two defendants, however, assert that the FCPA only required that they receive the filed statements, preserve them for two years, and make them available for public inspection, and imposed no enforcement duties upon them whatsoever. Finding that this argument is well taken, the action is dismissed as to the Clerk of the House of Representatives and Secretary of the Senate for failure to state a claim upon which relief can be granted.

■ The defendants Attorney General and United States Attorney move to

3. Flast v. Cohen, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968).

4. Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970).

5. Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Diggs v. Shultz, No. 72–1642, 152 U.S.App.D.C. 313, 470 F.2d 461 (1972).

6. Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

7. Diggs v. Shultz, No. 72–1642, 152 U.S. App.D.C. 313, 470 F.2d 461 (1972).

8. Id. at 465.

dismiss on the additional ground that their prosecutorial responsibilities under the FCPA ". . . are wholly discretionary functions and are not subject to judicial direction or review." This necessarily follows, they assert, from the constitutional grant of power to the executive to execute the laws and the doctrine of separation of powers. This constitutional mandate to the executive, through the Attorney General, to execute the laws is absolutely discretionary, and ". . . extends not merely to declining individual prosecutions but to the general enforcement of the laws of the United States." The plaintiffs contend, however, that they are not attempting to force the Attorney General and United States Attorney to exercise their discretion to prosecute violators of the Act in any particular way, but only to force them to exercise their discretion one way or another concerning individual violators. The defendants, plaintiffs assert, have an official policy of non-enforcement of the Act and have thereby refused to exercise their discretion at all concerning individual violators. Therefore, plaintiffs say, the court can, and should, order the defendants to investigate alleged individual violators to determine whether any of such violations merit prosecution, and that mandamus is the proper remedy to compel such action.

While the authorities cited by the parties are not directly on point, they do provide the court with considerable guidance. The proposition that the Attorney General may, through the exercise of his discretion, nullify for all practical purposes an act of Congress, at first blush, appears harsh and untenable. Upon careful examination, however, the wisdom behind the judiciary's refusal to supervise the exercise of the prosecutor's discretion becomes apparent.

In Moses v. Kennedy, 219 F.Supp. 762 (D.D.C.1963),[9] plaintiffs sought to compel the Attorney General and Director of the Federal Bureau of Investigation to bring criminal prosecutions against certain state officials of Mississippi who were alleged to have been responsible for the deprivation of certain of plaintiffs' civil rights. The court (Judge Youngdahl) held that the initiation of the criminal process by the defendants was ". . . clearly discretionary, and decisions respecting such actions are committed to the Executive branch of the Government, not to the courts." Quoting from Pugach v. Klein, 193 F. Supp. 630 (D.D.C.1961), the court said that the reason for this limitation upon the judiciary's power was that:

> Article II, Section 3 of the Constitution, provides that "(the President) shall take care that the laws (shall) be faithfully executed." The prerogative of enforcing the criminal law was vested by the Constitution, therefore, not in the Courts, nor in private citizens, but squarely in the executive arm of the government. Congress has implemented the power of the President by conferring the power and the duty to institute prosecution for federal offenses upon the United States Attorney for each district. 28 U.S.C. A. § 507. In exercising his power, the United States Attorney acts in an administrative capacity as the representative of the public . . .

Circuit Judge Wright, in a concurring opinion which, per curiam, affirmed *Moses*, stated that ". . . an investigation as to the adequacy, or the execution, of . . . (the federal civil rights) laws is not a matter within the jurisdiction of the judicial branch of this Government."

Likewise, in Powell v. Katzenbach, 123 U.S.App.D.C. 250, 359 F.2d 234 (1965), the question of "whether and when" prosecution was to be instituted was said to be "well settled," and within the discretion of the Attorney General. Judge (now Chief Justice) Burger, speaking for the Court in Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479 (1967), would refuse to re-

---

9. Affirmed, Moses v. Katzenbach, 119 U.S.App.D.C. 352, 342 F.2d 931 (1965).

view even "irrational" decisions by the prosecutor, reasoning that:

> . . . We do our assigned task of appellate review best if we stay within our own limits, recognizing that we are neither omnipotent so as to have our own mandates run without limit, nor omniscient so as to be able to direct all branches of government. The Constitution places on the Executive the duty to see that "laws are faithfully executed" and the responsibility must reside with that power. 382 F. 2d at 482, N. 9.

In Peek v. Mitchell, 419 F.2d 575 (6th Cir. 1970), a case very similar to this one, the plaintiffs sought, *inter alia*, ". . . to compel by mandamus the Attorney General and the United States Attorney for the Eastern District of Michigan to prosecute known civil rights violators . . ." The court dismissed the complaint as to those defendants on the ground that institution of the criminal process under the civil rights laws fell within their discretion and could not be compelled by mandamus. And in United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965),[10] it was said to follow ". . . as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions."

In Redmond v. United States, 384 U.S. 264, 86 S.Ct. 1415, 16 L.Ed.2d 521 (1966), the Court recognized the authority of the Attorney General to refuse to prosecute certain classes of violators in accordance with a delineated policy.[11]

In *Pugach, supra,* the court, after pointing out the many "elements in the equation" for determining whether a criminal prosecution should be commenced, stated that:

> All of these considerations point up the wisdom of vesting broad discretion in the United States Attorney. The federal courts are powerless to interfere with his discretionary power . . . The remedy of any dereliction of his duty lies, not with the courts, but, with the executive branch of our government and ultimately with the people. 193 F.Supp. at 635.

and in *Newman, supra,* the court said:

> The remedy (for abuse or misuse of the Attorney General's power) lies ultimately within the establishment where power and discretion reside. The President has abundant supervisory and disciplinary powers—including summary dismissal—to deal with misconduct of his subordinates; it is not the function of the judiciary to review the exercise of executive discretion whether it be that of the President himself or those to whom he has delegated certain of his powers. 382 F.2d at 482.

Although the cases cited by the parties and those relied upon in this opinion can be factually distinguished from this case, and although the language used in some of those cases is perhaps broader than necessary for the decisions therein rendered, such language is unmistakably clear, and if plaintiffs are to have any relief they must acquire it at the appellate level or through the political process. Therefore the action is dismissed for failure to state a claim upon which relief can be granted.

Even if the court did not feel that its course was dictated by the authorities herein cited, and was disposed to accept plaintiffs' view, plaintiffs have shown that they have already had the relief

---

10. Cert. denied. Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965).

11. In *Redmond* the Court granted a motion filed by the Solicitor General to dismiss an information upon which a conviction of defendants had been affirmed for violation of the federal obscenity statutes, 18 U.S.C. § 1461. The ground for the motion was that prosecution of the defendants violated the Department's (Justice) policy, evidenced by a memorandum to all attorneys, that prosecution for mailing allegedly obscene materials by private persons be ". . . confined to those cases which may fairly be characterized as aggravated."

which they are here seeking. As stated, plaintiffs seek enforcement of the Act for the years 1968 and 1970 and upon which the statute of limitations has not run. In their pleadings and at oral argument, plaintiffs stated that during the years 1968 and 1970 certain named individuals who were alleged to have violated the Act were referred to the Attorney General and that the latter refused prosecution of any of them. Therefore, assuming arguendo that the court has the power to compel the defendants to exercise their discretion, it could do no more than order them to do what plaintiffs admit they have already done. A declaration that the Act was not enforced during the years before 1968, and upon which the statute of limitations has run, would serve no useful purpose since the Act has now been repealed, and the question is for all practical purposes now moot. Therefore, it is this 29th day of January, 1973,

Ordered, that the action be, and the same hereby is, dismissed for failure to state a claim upon which relief may be granted.