
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50180 |
| Plaintiff - Appellee, | D.C. No. 5:10-cr-00058-VAP-1 |
| v. | |
| CHRISTOPHER HENRY LISTER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted December 9, 2014**
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges, and BELL, District Judge.***

Appellant Christopher Henry Lister pleaded guilty to Conspiracy to

Distribute and Dispense a Controlled Substance in violation of 21 U.S.C. §§ 846,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

841(a)(1), and 841(b)(1)(C). Lister challenges both his conviction and his sentence.

Lister first argues the government violated his *Brady* rights by failing to turn over evidence relevant to sentencing and that his counsel was ineffective under *Strickland*. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Strickland v. Washington*, 466 U.S. 668 (1984). Lister provided the factual support for these claims in declarations attached to his opening brief; those declarations were not before the district court. This Court struck those declarations and any arguments that rely on them; Lister's *Brady* and *Strickland* arguments were therefore stricken. But those arguments fail even had they not been stricken. Lister has not shown a *Brady* violation. And this Court generally does not "review challenges to the effectiveness of counsel on direct appeal." *United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013). This is not the rare case where a counsel's effectiveness is ripe for review on direct appeal.

Lister next argues he is entitled to the benefits of a recent change in the Department of Justice's policy for prosecuting drug crimes. But we have held a defendant cannot rely on an alleged violation of an internal Department of Justice policy as a basis for relief. *See Spillman v. United States*, 413 F.2d 527, 529–30 (9th Cir. 1969). In any event, the policy upon which Lister relies applies only to

2

defendants who face mandatory minimum sentences. As Lister was not given a mandatory minimum sentence, the policy is inapplicable.

Lister also challenges in two ways the district court's finding he has six criminal history points, which put him in criminal history category III. First, Lister argues the district court should not have added a criminal history point for a conviction in 2000 because that conviction occurred more than ten years prior to the conduct supporting this conviction. *See* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2). But Lister was sentenced for the 2000 conviction on January 6, 2000. The conduct supporting the conviction in this case occurred between May 8, 2009 and November 5, 2009. The 2000 conviction therefore falls within ten years of Lister's commencement of this offense. *See* U.S.S.G. § 4A1.2(e)(2).

Second, Lister argues the district court should not have added two criminal history points because he was on probation for a conviction in 2008. *See* U.S.S.G § 4A1.1(d). However, Lister was on probation for a 2006 conviction until June 19, 2009 and was on probation for the 2008 conviction until July 15, 2011. As earlier noted, Lister commenced his criminal conduct in this case on May 8, 2009. He was therefore on probation for both offenses when he committed this offense and the district court correctly added two criminal history points as a result. But even if the district court misapplied two criminal history points, that error was harmless.

3

Lister has four convictions that occurred within ten years of the conduct supporting this conviction. Each of those convictions adds one point to Lister's criminal history, and those four points still place Lister in criminal history category III. *See* U.S.S.G. Ch. 5, Pt. A; *United States v. Allen*, 153 F.3d 1037, 1046 (9th Cir. 1998) (finding harmless an error in calculating criminal history points because the defendant would have fallen in the same category absent the error).

Finally, Lister argues his within-Guidelines sentence was substantively unreasonable. We have held a within-Guidelines sentence "will usually be reasonable," *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc) (internal citation and quotation marks omitted), and "ordinarily needs little explanation" to affirm, *id*. at 992. Because the district court's sentence was within the Guidelines range and the district court gave several reasons on the record for that sentence, it is reasonable.

**AFFIRMED.**