**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Louie MOORE, a.k.a. Louie Bradbury,**
**Defendant-Appellant.**

**No. 20538.**

United States Court of Appeals,
Sixth Circuit.

April 2, 1971.

Arthur L. Brooks, Jr., Lexington, Ky., for defendant-appellant; Henry R. Barksdale, of Barksdale, Tucker & Worley, Pensacola, Fla., on brief.

J. Frankenberger, Lexington, Ky., for plaintiff-appellee; Eugene E. Siler, Jr., U. S. Atty., William D. Kirkland, Asst. U. S. Atty., Lexington, Ky., on brief.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

PER CURIAM.

Appellant Moore has appealed from his conviction by a jury and sentence in the District Court on an indictment charging him and two accomplices with robbing American National Bank of Newport, Kentucky, a federally insured bank, of $98,949.73, in violation of 18 U.S.C. § 2113(a), (d). He was sentenced to twenty years' imprisonment.

Appellant's principal appellate argument is that the judgment of conviction is not supported by sufficient evidence. His argument is based on the fact that seven eyewitnesses, who identified him in court, were inconsistent in their testimony in that their descriptions of the bank robbers, the clothing they were wearing, etc., varied considerably. We regard these discrepancies as minor. Not all people see and observe incidents and relate their impressions in the same manner. It would be unusual if they did.

The evidence must be viewed in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United

2. *Cf.* United States v. Callahan, 438 F.2d 528 (9th Cir., Feb. 5, 1971).

States v. Milby, 400 F.2d 702 (6th Cir. 1968). The credibility of the witnesses was for the jury to determine.

In our opinion the judgment of conviction is supported by substantial evidence.

It is next contended that the District Court erred in denying Moore's pretrial "Motion to compel the disclosure [by the Government] of all evidence favorable to the defendant." He relies on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). To grant such a motion would place an almost impossible burden on the Government. The motion is not even limited to evidence in the possession of the Government. The Government would have to determine before trial whether the evidence is favorable as well as relevant. If this pretrial practice were adopted, there would be little left of our adversary system. It must be remembered that in criminal cases the defendant is not required to disclose anything.

*Brady* did not deal with pretrial discovery. It concerned only prosecutorial *suppression* of evidence known to be crucial to the defense of the accused. In that case request had been made by defendant for statements made by an accomplice. The Government responded by furnishing to defendant some statements but withheld the most vital one. The Court likened the suppression to the Government's procuring a conviction on known perjured testimony.

Amendments to the Federal Rules of Criminal Procedure were adopted by the Supreme Court in 1966, several years after *Brady* was decided. Although the notes of the Advisory Committee on Rules cite a number of cases under Rule 16 dealing with pretrial discovery, *Brady* was not included therein. Rule 16 contains no provision for the type of pretrial discovery as was attempted here. A motion similar to the one filed in the present case was denied in United States v. Zive, 299 F.Supp. 1273 (S.D.N.Y. 1969).

*Brady* was never intended to create pretrial remedies. United States v.

Manhattan Brush Co., 38 F.R.D. 4 (S.D.N.Y.1965).

Of most importance in the present case is the fact that there is no proof that the Government suppressed anything.

Other alleged errors pointed out by Moore have been considered, but in our judgment they do not merit discussion.

Affirmed.