**UNITED STATES of America,**
**Plaintiff,**

v.

**Roy Francis PERKINS, Jr., Morton**
**Silverman, Defendants.**

**No. CR 74-288.**

United States District Court,
N. D. Ohio, E. D.

Oct. 8, 1974.

Frederick M. Coleman, U. S. Atty., William J. Edwards, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

Vincent J. Fuller, Francis X. Grossi, Jr., Washington, D. C., for defendant Perkins.

Gerald A. Messerman, Cleveland, Ohio, for defendant Silverman.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

### I. FACTUAL BACKGROUND

On March 14, 1974, the Federal Grand Jury for the Northern District of Ohio returned an indictment against the defendants, alleging that during the Fall of 1972, they conspired in violation of 18 U.S.C. § 371, to intercept, via electronic listening devices, oral communications of persons present in the office of Kennard Hawkins, General Manager of WJMO Radio in Cleveland, Ohio, thereby committing a violation of 18 U.S.C. § 2511(1)(a) (a part of the Omnibus Crime Control Act) and 18 U.S.C. § 2. The Grand Jury further charged defendants with aiding and abetting another person in performing the monitoring of conversations in Mr. Hawkins office, in further violation of 18 U.S.C. § 2511(1)(a).

During the pre-trial stages, defendant Perkins noted the omission of an essential criminal element from Count II of the indictment and moved to dismiss that count. The Government dismissed the indictment but on June 13, 1974, obtained a second indictment against both defendants, the new indictment being the same as the preceding one except that it remedied the defect noted earlier.

At this point, both defendants have a number of motions before the Court. To facilitate discussion, the Court will treat first the motions of Perkins, then Silverman.

### II. DEFENDANT PERKINS

#### A. *Motion to Dismiss the Indictment*

■ The defendant has moved to dismiss the second indictment on two grounds:

1. There is no Constitutional basis for the exercise of Congressional control over the conduct alleged in the indictment; and

2. The statute is so vague that if it covers the conduct alleged in the indictment, it fails to give adequate notice.

In support of the statute, the Government cites the power of Congress to regulate Interstate Commerce. This is not a tenable position in view of the legislative history (1968 U.S.Code Cong. & Admin.News p. 2112 et seq.) and the plain language of the statute. In enacting 18 U.S.C. § 2511(1)(b)(iii) and (iv), Congress clearly relied upon the Interstate Commerce Clause since these sections require, as an element of the offense, proof that there was contact with interstate commerce. In 18 U.S.C. § 2511(1)(a), there is no requirement of involvement in interstate commerce, and therefore, the power to enact such a law must lie elsewhere.

■ The Government also asserts that if the conduct alleged to violate § 18 U.S.C. § 2511(1)(a) finds jurisdictional support in § 2511(1)(b), then there is jurisdiction since § 2511(1)(a) has a broader scope than does (b). This, too, is wrong. If the Government had desired to prosecute Perkins for violating § 2511(1)(b), that is the offense the indictment should have charged. It charges rather a violation of § 2511(1)(a). It is not Constitutionally permissible to convict an accused for other than the specific offense charged in the indictment. DeJonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.2d 278 (1937); Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948).

■ But the Court finds there is a Constitutional basis for the action of Congress in enacting § 2511(1)(a). It is a basis which the Congress itself expressly recognized:

Virtually all concede that the use of wiretapping or electronic surveillance techniques by private unauthorized hands has little justification where communications are intercepted without the consent of one of the participants. No one quarrels with the proposition that the unauthorized use of these techniques by law enforcement agents should be prohibited. It is not enough, however, just to prohibit the unjustifiable interception, disclosure, or use of any wire or oral communications. An attack must also be made on the possession, distribution, manufacture, and advertising of intercepting devices. All too often the invasion of privacy itself will go unknown. *Only by striking at all aspects of the problem can privacy be adequately protected.* 1968 U.S. Code Cong. & Admin.News pp. 2112, 2156. (Emphasis added.)

■ There is a right of privacy guaranteed to the citizens of this nation. Griswold v. Connecticut, 381 U.S. 479, 484, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). The authorities of the Constitution were perhaps not as concerned with the protection of this right as they should have been. But there were so few in this vast land that express concern for protection of privacy must have hardly seemed justified. Through the Fourth and Fifth Amendments, however, all the protection needed was given; express delineation of a right to privacy was not, and is not, necessary.

■ Today we live in populous clusters. People exist stacked atop each other. With the uncontrolled development of technological means whereby anyone can invade the privacy of another under virtually any condition, the essential need for protection of this penumbral right becomes apparent. We must be cautious lest through the spread of these devices "we plant the seeds of despotism at our own door." Concededly most of the scientific endeavors of the recent past constitute advances and have aided measurably in the improvement of civilization. But some of these may become the artifacts of tyranny if their utilization is not stringently controlled.[1]

---

1. Of particular concern is the lie detector. Many courts and employers, frustrated with the old ways, have determined that such devices may properly be used to evaluate witnesses and employees. However, these devices are not fool-proof and they do constitute an invasion of privacy. Procedures and safeguards must be established to preclude the improper use of such devices.

■ The Court concedes that Griswold and the more recent pronouncements of the Supreme Court on the right to privacy (Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) and Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972)) deal with invasion of the right of privacy by the Government. But when a citizen discovers that this office has been "bugged", the fact that it was his employer rather than the sheriff, affords little comfort. The Fourth Amendment does not protect against unreasonable *Governmental* searches only but against *all* unreasonable searches.

The Court, therefore, finds that there is a Constitutional basis for enactment of the specific statutory provision which defendant is alleged to have violated.

■ The Court also disagrees with defendant's contention that the statute does not afford notice of the conduct prohibited. The language is simple and direct:

Except as otherwise specifically provided in this chapter any person who —(a) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire or oral communication . . . shall be fined not more than $10,000 or imprisoned not more than five years, or both. 18 U.S.C. § 2511(1).

■ The legislative history indicates that precisely this type of conduct was considered by Congress and that it was the intention of Congress to deal with it in the law enacted:

The tremendous scientific and technological developments that have taken place in the last century have made possible today the widespread use and abuse of electronic surveillance techniques. As a result of these developments, privacy of communication is seriously jeopardized by these techniques of surveillance. *Commercial and employer-labor espionage is becoming widespread. It is becoming increasingly difficult to conduct business meetings in private.* Trade secrets are betrayed. Labor and management plans are revealed. No longer is it possible, in short, for each man to retreat into his home and be left alone. Every spoken word relating to each man's personal, marital, religious, political, or commercial concerns can be intercepted by an unseen auditor and turned against the speaker to the auditor's advantage. 1968 U. S.Code Cong. and Admin.News, p. 2154. (Emphasis added.)

The Court finds that defendant's feeling that the statute in question could not cover the conduct he is alleged to have engaged in affords no basis for dismissal of the indictment. Ignorance of the power of Congress to enact a law is no defense to the offense charged. The statute is clear on its face and gives adequate notice of the conduct proscribed, and is, therefore, constitutionally applicable to the acts alleged in the indictment. [See cases cited in 21 Am. Jur.2d Criminal Law § 17.]

■ Defendant Perkins argues that the corporation may surreptitiously monitor the conversations of its employees, and notes in support of this contention that the corporation could have consented to a police search of the premises over objections of the occupants of the building. Assuming this to be correct, this argument is not convincing, particularly in view of the following language of Mr. Justice White, writing for the Supreme Court in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L. Ed.2d 576 (1967):

The Government stresses the fact that the telephone booth from which the petitioner made his calls was constructed partly of glass, so that he was as visible after he entered it as he would have been if he had remained outside. But what he sought to exclude when he entered the booth was not the intruding eye—it was the uninvited ear. He did not shed his right to do so simply because he made his calls from a place where he might be seen. No

less than an individual in a business office, in a friend's apartment, or in a taxicab, a person in a telephone booth may rely upon the protection of the Fourth Amendment. One who occupies it, shuts the door behind him, and pays the toll that permits him to place a call is surely entitled to assume that the words he utters into the mouthpiece will not be broadcast to the world. To read the Constitution more narrowly is to ignore the vital role that the public telephone has come to play in private communication. *Katz*, at 352, 88 S.Ct. at 511.

Certainly a person who places calls from his office has an expectation of privacy which must be protected.

For these reasons, the Court denies defendant Perkins' motion to dismiss the indictment.

B. *Motion to Dismiss for Selective Prosecution*

Perkins has also moved for a dismissal of the charges against him on the ground that his prosecution herein has been impermissibly selective. In support of this motion, Perkins raises the spectre of Watergate and various other malfeasances of the Government. The decision of United States v. Robinson, 311 F.Supp. 1063 (W.D.Mo.1969) is cited in support of this motion since in *Robinson*, the District Judge dismissed a prosecution similar to the one herein stating that the conduct of the Government in carrying out similar activities made the prosecution discriminatory and therefore unlawful.

But as the Government notes, *Robinson* involved a prosecution arising before the Omnibus Crime Control Act of 1968 which gave the Government these limited eavesdropping powers. This removed the taint which affected the *Robinson* case. Since, as Perkins admits, the present situation has been changed through the 1968 enactments, this Court finds no basis for dismissing the charges.

Further, Government attorneys have great latitude in deciding which potentially criminal actions to prosecute. The discretion, if not exercised on a class basis which affects Constitutional guarantees or which is designed to punish the exercise of protected rights is not reviewable by the courts and does not furnish a basis for dismissal of prosecutions. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); United States v. Crowthers, 456 F.2d 1074 (4th Cir. 1972); *c.f.*, Nader v. Kleindienst, 375 F.Supp. 1138 (D.D.C.1973). As was said in United States v. Cox, 342 F.2d 167 (5th Cir. 1965);

The discretionary power of the attorney for the United States in determining whether a prosecution shall be commenced or maintained may well depend upon matters of policy wholly apart from any question of probable cause. Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions. *Cox* at 171.

While the defendant may be correct in asserting that the prosecution herein was brought after the Government attorneys exercised discretion, there is nothing before the Court to indicate that the selection was made on a basis which renders the prosecution of Perkins unlawful. For that reason, this motion is denied.

C. *Motion to Dismiss Count II*

Defendant Perkins has moved to dismiss the second count of the indictment on two grounds:

1. The Count is insufficient to state an offense since it fails to allege that

the person whom Perkins allegedly aided and abetted acted willfully, and thus the person aided or abetted could not have committed an offense; and

2. The Count is duplicitous.

As to defendant's first contention, under the terms of the statute a person is guilty of a violation of § 2511(1)(a) if he willfully procures another to intercept an oral communication. This is the allegation in Count II and therefore the count is proper.

The Court also finds the allegation of aiding and abetting proper, since the conduct of Perkins was alleged to be willful, and if he had performed the act of the person he aided and abetted, that is intercepting the oral conversations of another, he would have committed an offense. United States v. Levine, 457 F. 2d 1186 (10th Cir. 1972); United States v. Rodgers, 419 F.2d 1315 (10th Cir. 1970); United States v. Tauro, 362 F. Supp. 688 (W.D.Pa.1973).

■ As to the charge of duplicity, arising from the assertion that Count II alleges two distinct offenses (procuring and aiding and abetting) the contention of the defendant is without merit. Under 18 U.S.C. § 2, such allegations, if proven, make the person guilty as a principal; the jury need not find that he either procured or aided and abetted, since any combination of these two resulting in a unanimous verdict would properly find him guilty as a principal. Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949); Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); United States v. Warner, 428 F.2d 730 (8th Cir. 1970).

For these reasons, defendant's motion to dismiss Count II is denied.

### D. *Motion for Disclosure of Grand Jury Proceedings*

Defendant Perkins has moved for an order of the Court pursuant to Rule 6(e), Federal Rules of Criminal Procedure, the order directing disclosure of the prosecutor's statement or instructions to the Grand Jury and disclosure of the record of the vote of the Grand Jury.

■ It has been established that Grand Jury proceedings are to be kept secret save for those times when one can show, with particularity, a compelling need for revelation of those proceedings. United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) and Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). Here defendant seeks not the testimony of a witness, but the remarks of the prosecutor. The need and relevance of the prosecutor's comments is tenuous even accepting the view of defendant.

But the Court need not reach that decision, since the Government has represented that no record of these comments exists. Anticipating this response, defendant has moved for dismissal of the indictment or at least the holding of an evidentiary hearing to try to reconstruct what occurred before the Grand Jury. The Court holds neither approach proper.

■ First, although recordation of Grand Jury testimony is the better practice and is required in this District by order of Chief Judge Frank J. Battisti (affirmed by the Court of Appeals for the Sixth Circuit in United States v. Battisti, 486 F.2d 961 (1973)), there is no Constitutional mandate requiring recordation. And if the testimony of witnesses need not be recorded, neither must the remarks of the prosecutor. Accord, United States v. Heckman, 479 F.2d 726 (3rd Cir. 1973); United States v. Peden, 472 F.2d 583 (2nd Cir. 1973); United States v. Franklin, 429 F.2d 274 (8th Cir. 1970); United States v. Hensley, 374 F.2d 341 (6th Cir. 1967). The Court therefore finds no basis for dismissal of the indictment arising from the failure to record the proceedings before either of the Grand Juries which indicted the defendant.

■■ Neither does the Court feel there is a basis demonstrated for the

holding of an evidentiary hearing. There has been a superseding indictment which corrects the deficiency which appeared in the original indictment. The new indictment is regular on its face and the defendant's attempts to show a particularized need resolve into guesses which do not form a basis for violating the secrecy of the Grand Jury. Cf. United States v. Basurto et al., 497 F.2d 781 (9th Cir. 1974). The Court would also note that defendant's contention that Rule 6 requires the Grand Jurors to vote separately on each count is not supported by the language of the Rule or the cases discussing the Rule.

For these reasons, defendant's motion relating to revelation of Grand Jury proceedings are denied.

### E. *Motion for Discovery and Inspection*

 Defendant Perkins has sought discovery of the following items:

1. Written or recorded statements of his co-defendant Silverman.

2. Written or recorded statements of persons interviews by law enforcement personnel, including Grand Jury witnesses.

3. All information which is exculpatory, particularly including—

 a. Grand Jury testimony

 b. Interviews of persons contacted by Government

 c. Records of unsuccessful attempts to corroborate allegations made in the indictment.

In ruling on this motion, the Court finds that the statements of Perkins' co-defendant are not properly discoverable under Rule 16, Federal Rules of Criminal Procedure. 8 Moore's Federal Practice. ¶ 16.07. However, the Court directs the Government to produce for *in camera* inspection by the Court any statements by Silverman it intends to introduce at trial, said inspection to allow evaluation of the necessity for separate trials.

 Further, the Court finds that statements of witnesses or prospective witnesses are not discoverable until after direct examination of the witnesses. 18 U.S.C. § 3500. The language of the section is clear and unambiguous and although the Court might feel it appropriate to release such information earlier, the Court is obliged to apply the law as written.

 As to the exculpatory materials, in United States v. Conder, 423 F.2d 904 (6th Cir. 1970), cert. den. 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267, the Court of Appeals held that the Brady doctrine (Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963)) provides only that if exculpatory material is suppressed, any conviction is subject to reversal, since it would be violative of Due Process. The Court specifically stated that *Brady* did not require the prosecution to search its files for exculpatory evidence. See also, United States v. Jordan, 399 F.2d 610 (2nd Cir. 1968), cert. den. 393 U.S. 1005, 89 S.Ct. 496, 21 L.Ed.2d 469. Despite the defendant Perkins categorization of his requests as "specific" the Court will not direct the Government to comply with a broad, boiler-plate type request for exculpatory materials.

However, the Court finds there has been a sufficiently specific request as to those interview memoranda and reports made from interviews with those persons whom the Government has determined not to call as witnesses. Concededly there are a variety of reasons for not calling a witness, but since the better practice is to resolve doubts as to the exculpatory nature of certain materials in favor of the defendant, and since the Government no doubt has a somewhat different view of the exculpatory or mitigating nature of materials in its possession, the Court directs the Government to make available to the defense those memoranda and reports of persons not to be called as witnesses, doing so not later than two weeks prior to trial.

The remainder of defendant Perkins requests, though, are either overly-broad or covered specifically by the Jencks Act, and for these reasons, are denied.

## F. MOTION FOR A BILL OF PARTICULARS

The Government filed a Bill of Particulars on August 14, 1974 in response to Perkins' motion for such a Bill and this obviates the need for a ruling by the Court on Perkins' motion.

## III. DEFENDANT SILVERMAN

### A. *Motion to Dismiss the Indictment*

■ Defendant Silverman has moved to dismiss the indictment on a number of grounds. The Court in its ruling on a similar motion by Perkins, Silverman's co-defendant, has stated its reasons for denying that defense motion and to the extent that the previous statement answers contentions of Silverman, it is adopted herein. Similarly, the Court's opinion in ruling on Perkins' Motion to dismiss Count II is adopted in response to Silverman's allegations of duplicity in Count III, and this ground for relief is therefore held to be without merit.

Defendant Silverman also seeks to secure a dismissal of the indictment on the ground that the second indictment has caused prejudice and is without justification. The Court finds that the second indictment was proper, since it remedied a possible defect in the original indictment. There was no prejudice to Silverman from the new indictment, which was returned on June 13, 1974, less three months after the first indictment was filed. The charges were precisely the same and other than causing a brief delay in the proceedings in this Court, had no effect on the matters involved. So similar are the indictments that defendant Perkins moved to adopt those motions filed against the first indictment as motions under this indictment. None of the circumstances which afford relief from a subsequent indictment following dismissal of an indictment being present here, the Court denies the defendant Silverman's motion. See 8 Moore's Federal Practice ¶ 48.02[3].

■ Silverman also moves for dismissal because the Grand Jury relied upon hearsay testimony in bringing the second indictment. The use of summary testimony and other forms of otherwise improper evidence has been upheld by the Supreme Court in its decisions on Grand Jury activities. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). See also United States v. Cruz, 478 F.2d 408 (5th Cir. 1973) and United States v. Jett, 491 F.2d 1078 (1st Cir. 1974). The Court finds no basis for dismissing the indictment in this argument by defendant.

For these reasons, Silverman's motion to dismiss the indictment is overruled.

### B. *Motion for Exculpatory Evidence*

Defendant Silverman has moved for production of statements and reports in possession of the Government which relate to the various meetings and discussions between himself and his attorney which were prior to and involved the incidents in the indictment. The Government objects, arguing that the advice of counsel affords no defense to the charge. In its earlier ruling on defendant Perkins' Motion for Discovery, the Court stated its understanding of the *Brady* doctrine and adopts that statement here, adding the following:

■■ First, the Court finds that in responding to a defense request for exculpatory materials, the Government and the Courts are obliged to resolve any doubts as to the exculpatory nature of items in favor of the defendant, United States v. Hauff, 473 F.2d 1350 (7th Cir.) Second, the holding of *Brady, supra*, requires that not only that exculpatory materials be made available, but also those items which would mitigate the penalty:

> We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady*, 373 U.S. p. 87, 83 S.Ct. p. 1198.

The materials sought could prove to be mitigating circumstances, and might even afford a defense to the crime charged for a discussion (see United States v. Ehrlichman, 376 F.Supp. 29 (D.D.C.1974), although the Court feels it inappropriate to render a decision on that point at this time. The defendant Silverman having stated his request with particularity, the Government is directed to comply with the Motion.

It is so ordered.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Both defendant Perkins and the Government have asked the Court to reconsider certain aspects of its Memorandum Opinion and Order of October 8, 1974. The Court takes the opportunity afforded by counsel to restate its position on the issues raised.

## I. CONSTITUTIONAL BASIS FOR 18 U.S.C. § 2511(1)(a)

■■ The previous opinion of this Court sets forth the facts and there is no need for such a statement here. In the October 8, 1974 Opinion, the Court found there was a Constitutional basis for the enactment of a statute like 18 U.S.C. § 2511(1)(a) which protects the privacy of citizens. In so doing, the Court found that the Fourth and Fifth Amendments protected against even private searches, if unreasonable. The Court concedes that there are many cases which hold that the Fourth and Fifth Amendments afford no protection against private action. However in few cases has the issue of a right to privacy been drawn in question as it has in this case. The Court has considered the decision of Judge Hemph, District Court of South Carolina, in United States v. Burroughs and Gerry, 379 F.Supp. 736, holding that to be Constitutional § 2511

(1)(a) must deal either with action under color of state law or conduct affecting interstate commerce. The opinion of Judge Hemph is clear and states the author's position effectively. But this Court is compelled to disagree. For the reasons stated in its earlier opinion, the Court finds that § 2511(1)(a) can refer to wholly private action not affecting interstate commerce, as it does in the instant case. The Court would add that further support for the challenged enactment lies within the Ninth Amendment. This largely ignored provision contains a reservoir of rights held by citizens. The right of privacy, if not protected by the Fourth and Fifth Amendments, surely exists within the scope of the Ninth Amendment. And just as certainly, Congress may enact such legislation as is necessary and proper to protect the rights reserved to the citizens of this nation. For these reasons, the earlier decision of the Court on this matter is affirmed.

## II. MOTIONS FOR DISCOVERY

■ The Government has moved for reconsideration of two aspects of discovery matters previously ruled on by the Court.

The first relates to the requirement that the Government produce interview memoranda and reports made from interviews with persons the governmental has determined not to call as witnesses.

The Court recognizes the validity of the Government's objections and modifies its previous decision to the extent that revelation of such statements need not be made until conclusion of the Government's case-in-chief.

■ As to the discovery relating to defendant Silverman, the Court directs that the Government turn over to counsel for defendant Silverman all statements and reports of interviews, regardless of who made the statements or who was interviewed, which establish meetings between the defendants upon

which occasions Silverman sought the advice of Perkins on the commission of the acts alleged in the indictment. As to Government's quandry over the wording "mitigating circumstances" the Court observes that in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963), the Supreme Court recognized two types of mitigating evidence. One type affected the question of guilt or innocence while the other dealt with mitigation of any penalty assessed. In using the phrase "mitigating circumstances" the Court intended to encompass both of the above classifications.

It is so ordered.

ORDER

LAMBROS, District Judge.

■ The defendant Perkins has moved for a dismissal of the indictment pursuant to Rule 12, Federal Rules of Criminal Procedure. Attached to the motion is an affidavit of one of the persons whose conversations were monitored. The Court is not familiar with the use of affidavits to establish or refute the essential elements of an offense charged, however even taking the affidavits as proper, they do not afford a defense. First, the affidavit is only from one party to the conversations which allegedly were recorded, with no indication of who else had their conversations taped and what their expectations of privacy were. Second, an essential element of an offense under 18 U.S. C. § 2511(1)(a) is not what were the *subjective* expectations of the persons being recorded, but rather what the *objective* conditions were which indicate that an expectation of privacy would have been reasonable. See United States v. Carroll, 337 F.Supp. 1260, 1262 (D.D. C.1971). For these reasons, defendant Perkins' motion is overruled.

It is so ordered.