**Freddie Joe SIMMONS, Plaintiff,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Defendant.**

**No. CIV–77–0487–T.**

United States District Court,
W. D. Oklahoma.

May 19, 1978.

Lyle McPheeters, Oklahoma City, Okl., for plaintiff.

Thomas J. Enis and Robert D. Allen, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

THOMPSON, District Judge.

Plaintiff herein was formerly employed by defendant at its test center in Oklahoma City. His job, at the time of the acts complained of herein, was that of "deskman" or "testboardman". As such, plaintiff was one of several employees at a "testdesk"—a large and complex panel where all trouble reports from customers were received, cleared, dispatched, and closed.[1] The supervisors, or chief deskmen, monitored the use of testboard telephones for service quality checks, checking work in progress, assisting deskmen, and insuring minimum use of customer monitoring by deskmen.[2] The deskmen, and specifically plaintiff, knew that the testboard lines were monitored.[3] It was the written policy of defendant, and understood by plaintiff, that personal calls made to or from the testboard were not allowed.[4]

---

1. Deposition of plaintiff, pp. 25–27.

2. Affidavit of Dennis J. Fowler, Exhibit A, defendant's brief in support of the Motion for Summary Judgment.

3. Deposition of plaintiff, pp. 94, 99.

4. Deposition of plaintiff, Exhibit 1.

There were other telephones, not subject to service observing, available for personal calls.[5] Plaintiff had been warned repeatedly against his excessive use of the testboard phones for private calls.[6] In this action plaintiff alleges that the actions of defendant in monitoring his private conversations on the testboard telephones were unlawful, unconstitutional, and caused him damages exceeding $6,000,000.

Plaintiff brings this action on two separate theories of recovery—he alleges first a violation of his constitutional right to privacy, and secondly, a violation of 18 U.S.C. §§ 2510, et seq., entitling him to a private right of damages. He seeks actual and punitive damages as a result of the defendant's actions, including his allegedly wrongful termination from employment. Defendant has moved for summary judgment, which motion has been briefed by the parties and is ready for decision. Plaintiff has, during the time for briefing this motion, applied for and obtained leave to amend his complaint. Defendant has asked that its Motion for Summary Judgment be directed to the amended complaint, as the cause of action is essentially the same. Thus the Court has read the briefs of the parties on the Motion for Summary Judgment as being directed to plaintiff's second amended complaint.

### Constitutional Right to Privacy

The constitutional protection of the right to privacy is a relatively new development in our law,[7] but with historical precedent.[8] The right to privacy has been found under the First,[9] Fourth,[10] Fifth,[11] Ninth,[12] and Fourteenth Amendments,[13] and the "penumbra of the Bill of Rights".[14] It is clear that, whatever the source of the right, the protection is only as against *government* intrusions into a person's privacy.[15] The defendant herein is certainly not an arm of the government and is not "responsible under the Fourth Amendment as [a] government bod[y]".[16]

Moreover, as the law in this area continually evolves and becomes more concrete, it is inevitable that the right protected is not absolute and unequivocal, but rather that the Constitution protects only a *reasonable expectation* of privacy.[17] Plaintiff herein was well aware that his telephone conversations could be monitored, and in fact were. It is not a "reasonable expectation" under these circumstances that plaintiff could protect his personal conversations from intrusion.

---

5. Affidavit of Dennis J. Fowler, supra, n. 2; deposition of plaintiff, p. 94.

6. Deposition of plaintiff, pp. 97, 98.

7. See, e. g., *Katz v. U. S.*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

8. *Union Pacific R. Co. v. Botsford*, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734 (1891); *Boyd v. U. S.*, 116 U.S. 616, 630, 6 S.Ct. 524, 29 L.Ed. 746 (1886).

9. *Stanley v. Georgia*, 394 U.S. 557, 564, 89 S.Ct. 1243 (1960); *NAACP v. Alabama*, 357 U.S. 449, 462, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958).

10. *Katz v. U. S.*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

11. *Boyd v. U. S.*, 116 U.S. 616, 630, 6 S.Ct. 524, 29 L.Ed. 746 (1886).

12. *Griswold v. Connecticut*, 381 U.S. 479, 486, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (Goldberg, J., concurring).

13. Id., at 499 and 502, 85 S.Ct. 1678 (Harlan, J., and White, J., separate concurring opinions).

14. Id., at 479, 85 S.Ct. 1678 (opinion of Court per Douglas, J.).

15. *Griswold v. Connecticut*, 381 U.S. 479, 483, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *Katz v. U. S.*, 389 U.S. 347, 350, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Boyd v. U. S.*, 116 U.S. 616, 630, 6 S.Ct. 524, 29 L.Ed. 746; *U. S. v. Clegg*, 509 F.2d 605 (5th Cir. 1975).

16. *U. S. v. Goldstein*, 532 F.2d 1305, 1311 (9th Cir. 1976), cert. denied sub nom. *Roberts v. U. S.*, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327.

17. *Katz v. U. S.*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *U. S. v. Pui Kan Lam*, 483 F.2d 1202 (2nd Cir. 1973), cert. denied 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881.

The Court takes note of the case of *United States v. Perkins*, 383 F.Supp. 922, 927 (N.D.Ohio 1974), cited and relied on by plaintiff, where the Court stated:

"The Fourth Amendment does not protect unreasonable *governmental* searches only but against *all* unreasonable searches." [Emphasis in original]

This case is inapposite for several reasons. First, the factual setting in *Perkins* was a criminal prosecution where defendant Perkins urged the unconstitutionality of 18 U.S.C. § 2511, as a governmental restriction of *private* action. It was in this context, i. e., in holding that Congress could legislate against private telephone interception, that the sentence quoted above was expressed. Certainly the Court in *Perkins* did not intend authorization of a constitutional right of action against a private, as opposed to a governmental, body by the quoted statement. Such a result would fly in the face of well-established precedent [18] and would revolutionize long-held concepts of constitutional law.[19] If such was the intent of *Perkins*, it is rejected here. But even accepting that *Perkins* allows a right of relief against non-governmental invasions of privacy, it is inapplicable here, as *Perkins* specifically says the protection is not against "unreasonable *governmental* searches only but against *all unreasonable* searches". The Court defined "unreasonable searches" as those against a person who has an *expectation of privacy* which must be protected. Plaintiff herein had no such expectation.

Nor can plaintiff find relief in the Ninth Amendment as an authorization of this suit. There is some authority that the Ninth Amendment is the constitutional basis for the protection of privacy, not found specifically in other Amendments.[20] Whatever the source of the right (which source seems to be an argument more of semantics than of substance), the right may be asserted, at least in a constitutional context, only against a governmental intrusion, and only where there exists a reasonable expectation of privacy, neither of which exist in the case at hand.

It is the conclusion of the Court that plaintiff has failed to state a claim amounting to a violation of constitutionally protected rights.

### 18 U.S.C. § 2511

As part of the Omnibus Crime Control and Safe Streets Act of 1968, Congress enacted a prohibition of wire interception and interception of oral communications, 18 U.S.C. §§ 2510, et seq., and provided a private right of action for violations thereof. 18 U.S.C. § 2520. Plaintiff claims that defendant has violated section 2511, which reads in part:

"(1) Except as otherwise specifically provided in this chapter any person who—

(a) wilfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication;

\*　　\*　　\*　　\*　　\*　　\*

shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Defendant claims it falls within the exception found at section 2511(2)(a)(i):

"It shall not be unlawful under this chapter for an operator of a switchboard, or an officer, employee, or agent of any communication common carrier, whose facilities are used in the transmission of a wire communication, to intercept, disclose, or use that communication in the normal course of his employment while engaged in any activity which is a necessary incident to the rendition of his service or to the protection of the rights or

---

**18.** See authorities cited at n. 15.

**19.** Such a construction would elevate almost every lawsuit to a constitutional claim, e. g., a conversion becomes an unreasonable seizure; an assault becomes cruel and unusual punishment; false imprisonment becomes an abrogation of freedom to associate, and so on, ad infinitum. Thus all these lawsuits become federal claims and find themselves in federal, rather than state, court.

**20.** *Griswold v. Connecticut*, 381 U.S. 479, 486, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), (Goldberg, J., concurring).

property of the carrier of such communication . . ."

This section has so far been tested only as it relates to the propriety of the telephone company's interception of private conversations in order to prevent fraud against the telephone company.[21] Thus, where the company reasonably suspects the use of a "blue box" to avoid long distance charges, it may lawfully monitor conversations to uncover the fraud. Plaintiff argues that these cases stand for the proposition that defendant may intercept wire communications only to protect itself from fraud against its property and economic interests. Such a construction ignores the language of section 2511(2)(a)(i)—". . . while engaged in *any activity which is a necessary incident to the rendition of his service or* to the protection of the rights or property of the carrier . . ." (emphasis added). The fact that there are no cases construing the first of the lawful reasons for wire interception by a communications carrier does not mean that the statutory language is of no effect. The Court must give effect to each provision contained in a statute,[22] not just the portion that has been previously ruled upon.

Plaintiff does not appear to object, either now or during his employment, to defendant's monitoring of his business calls[23]—it is only his personal calls he feels should remain private. It is the assertion of defendant, and admitted by plaintiff,[24] however, that there was a telephone available for private calls, and that all employees of defendant were aware of its availability. Had plaintiff been monitored on that telephone, the Court would wholeheartedly agree that defendant had overstepped its limited privilege. However, the record reflects that plaintiff was employed in a complex area involving defendant's quality control. He and fellow employees at the testboard were in a sensitive and responsible position requiring immediate attention and action and where availability of both incoming and outgoing lines was of paramount importance. Defendant's monitoring activities must be considered reasonable, when the nature of plaintiff's employment is considered with the fact that all employees at his station *knew*, and had acquiesced to, defendant's monitoring of their incoming and outgoing calls, while at the testboard, both for the purpose of service quality control checks and, in plaintiff's case, for the purpose of preventing his persistent use of the testboard phones for personal calls, a practice against which plaintiff had been warned several times. As plaintiff knew his calls were monitored, he had no reasonable expectation that his calls would remain private; as the defendant had a legitimate interest in maintaining quality control, its monitoring activities fall within the exclusion of 18 U.S.C. § 2511(2)(a)(i).

■ Plaintiff argues that the actions of a certain employee of defendant in publicly repeating portions of plaintiff's private phone calls were undoubtedly beyond the limited scope of section 2511(2)(a)(i). For the purposes of the motion, the Court has accepted plaintiff's allegations of fact upon which his argument is based as true. Even so assuming, plaintiff states no claim. As the Court has found that defendant lawfully monitored plaintiff's phone calls within the meaning of section 2511(2)(a)(i), any *disclosure* of such conversations is not a violation of section 2511. Both section 2511 and section 2520, which authorizes a civil damage suit, treat disclosure as a separate offense from interception. Disclosure, to be unlawful under section 2511, must be of information which was unlawfully intercepted:

"Except as otherwise specifically provided in this chapter any person who—

\*    \*    \*    \*    \*    \*

---

**21.** *U. S. v. Goldstein,* 532 F.2d 1305 (9th Cir. 1976); *U. S. v. Clegg,* 509 F.2d 605 (5th Cir. 1975); *U. S. v. DeLeeuw,* 368 F.Supp. 426 (D.Wis.1974).

**22.** *U. S. v. Powers,* 307 U.S. 214, 59 S.Ct. 805, 83 L.Ed. 1245 (1930).

**23.** Deposition of plaintiff, p. 63.

**24.** Deposition of plaintiff, p. 94.

(c) willfully discloses, or endeavors to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication *in violation of this subsection . . ."* [Emphasis added]

Section 2520 allows a private right to damages for "[a]ny person whose wire or oral communication is intercepted, disclosed, or used *in violation of this chapter"* (emphasis added). Thus, having held above that the interception of plaintiff's telephone conversation was lawful, the Court cannot find a disclosure violation. Plaintiff's claim that defendant violated section 2511, entitling him to damages under section 2520, is therefore without merit.

### 47 U.S.C. § 605

Plaintiff asserts that 47 U.S.C. § 605, prohibiting unauthorized publication or use of communications, grants him a cause of action for damages for its violation. The cases cited by plaintiff in support of this proposition predate the 1968 amendment to this section, which added the introductory phrase, "except as authorized by chapter 119, Title 18 . . .". Chapter 119 of Title 18 is sections 2510, et seq., discussed above. At least one court has held, since this amendment, that section 605 does not grant a civil remedy for violations thereunder.[25] In any event, section 605 clearly exempts from its coverage those activities authorized by sections 2510, et seq. As the Court has found defendant's activities lawful within the exception in section 2511(2)(a)(i), section 605 has no application to this suit.

### Conclusion

Plaintiff argues that there are questions of fact present in this lawsuit which require a jury determination. The Court can find none. It is the application of law to the admitted facts which results in a judgment for defendant. Although plaintiff, in his deposition, has alleged that defendant has monitored his home telephone to the present time, such allegations are not part of plaintiff's second amended complaint and thus are not relevant here. Plaintiff's allegations of wrongful discharge, plead only as an item of damage from defendant's monitoring activities, are likewise irrelevant, once the monitoring is found lawful. It is the conclusion of the Court that there is no constitutional protection of non-governmental invasions of privacy; that defendant's conduct is within both the letter and the spirit of the limited Congressional authorization of telephone interceptions found at 18 U.S.C. § 2511(2)(a)(i); and that defendant's activity, lawful within section 2511, is lawful within 47 U.S.C. § 605.

Finding no substantial question as to any material fact, the Court finds that defendant is entitled to judgment as a matter of law. Defendant's Motion for Summary Judgment is therefore granted. A judgment in accordance with the foregoing will be entered this date.

---

25. *Smith v. Cincinnati Post & Times-Star*, 353 F.Supp. 1126 (S.D.Ohio 1972), aff'd 475 F.2d 740 (6 Cir.).