**UNITED STATES of America, Plaintiff,**

v.

**Billy Gene LAWSON, Defendant.**

**No. CR–1–87–32–01.**

United States District Court,
S.D. Ohio, W.D.

May 12, 1987.

William Hunt, Asst. U.S. Atty., for plaintiff.

Gary A. McGee, Matthew J. Crehan, Hamilton, Ohio, for defendant.

ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendant's Motion for Bill of Particulars (doc. no. 13), defendant's Motions for Discovery (doc. nos. 14 and 22), and defendant's Motion to Extend Time for Filing of Motions (doc. no. 21). The Court notes that it is considering these Motions before the Court only to the extent they refer to Count 1 of the original indictment or to Count 7 of the superseding indictment which represent the basis of the trial scheduled May 18, 1987.

■ Rule 7(f) of the Federal Rules of Criminal Procedure empowers the federal trial courts to order the filing of a Bill of Particulars. The Court is accorded considerable discretion in passing on such a request. *Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

The purpose of a Bill of Particulars in this Circuit has been clearly established. In *United States v. Haskins*, 345 F.2d 111 (6th Cir.1965), the United States Court of Appeals for the Sixth Circuit held:

> The purposes of a Bill of Particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial and to enable him to plead his acquittal or conviction en bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes.

*Id.* at 114.

■ Upon consideration, the Court finds that the indictment and the charges made therein are specific and properly apprise defendant of the charges against him. The purpose of a Bill of Particulars is not to enable a defendant to obtain detailed disclosure of the Government's evidence or theories prior to trial. *United States v. Kilrain*, 566 F.2d 979 (5th Cir.), *cert. denied* 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978). Sufficient information need only be furnished the defendant to enable him, through "the use of diligence," to "prepare adequately for trial." 1 Wright, *Federal Practice and Procedure* § 129 (1983), *quoted in United States v. Germain*, 411 F.Supp. 719, 727 (S.D. Ohio 1975). Accordingly, defendant's Motion for a Bill of Particulars is hereby DENIED.

Defendant's motions relating to discovery, and the Court's consideration of the same, are governed by Rule 16 of the Federal Rules of Criminal Procedure. Rule 16(a)(1)(A) provides in pertinent part:

> Upon request of a defendant, the Government shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; the substance of any oral statement which the Government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a Government agent; and recorded testimony of the defendant before a Grand Jury which relates to the offense charged.

Accordingly, defendant's motion for such disclosure is hereby GRANTED.

Rule 16(a)(1)(C) provides in pertinent part:

> Upon request of the defendant, the Government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody, or control of the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belonged to the defendant.

Accordingly, defendant's motion for such disclosure is hereby GRANTED.

Rule 16(a)(2) outlines the information not subject to disclosure, and provides that:

Except as provided in paragraphs A, B and D of subdivision (a)(1), this Rule does not authorize the discovery or inspection of reports, memoranda, or other internal Government documents made by the attorney for the Government or other government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500.

The United States Court of Appeals for the Sixth Circuit has repeatedly held that Rule 16(a)(2) does not authorize the pre-trial discovery or inspection of statements made by government witnesses or prospective government witnesses. *United States v. Wilkerson*, 456 F.2d 57 (6th Cir.1972), *cert. denied* 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337 (1972); *United States v. Conder*, 423 F.2d 904 (6th Cir. 1970), *cert. denied* 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970). A defendant has no pre-trial access as a matter of right to the names and the criminal records of proposed government witnesses. *United States v. Conder*, 423 F.2d at 910. Rule 16 does not provide a broader basis for discovery than 18 U.S.C. § 3500, *United States v. Carter*, 621 F.2d 238 (6th Cir.), *cert. denied* 449 U.S. 858, 101 S.Ct. 158, 66 L.Ed.2d 73 (1980), nor is the defendant accorded such pre-trial discovery rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Further, Rule 16 does not require disclosure of statements of the defendant made to a third party witness or to undercover agents not then known as such to the defendant, and courts have generally denied such requests. *United States v. Green*, 548 F.2d 1261, 1267 (6th Cir.1977); *United States v. Zarattini*, 552 F.2d 753, 757 (7th Cir.), *cert. denied* 431 U.S. 942, 97 S.Ct. 2661, 53 L.Ed. 2d 262 (1977). Also, statements made by co-conspirators or co-defendants are likewise undiscoverable. *Id.*

Accordingly, defendant's motion for such discovery is hereby DENIED.

Further, while this Court is mindful of the Government's duty under *Brady*, and would urge the Government to disclose such material as well as Jencks Act material at the earliest possible time, *Brady* imposes no constitutional burden of pre-trial disclosure. *United States v. Short*, 671 F.2d 178 (6th Cir.1982), *cert. denied*, 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332; *United States v. Moore*, 439 F.2d 1107 (6th Cir.1971).

In the interest of justice and to facilitate the just determination of the issues in this case, defendant's Motion for an Extension of Time to File Further Motions is hereby GRANTED to protect the rights of the defendant.

Accordingly, defendant's Motion for Bill of Particulars (doc. no. 13) is hereby DENIED; defendant's Motions for Discovery (doc. nos. 14 and 22) are hereby GRANTED to the extent that they do not exceed the parameters of Federal Rule of Criminal Procedure 16; defendant's Motion for an Extension of Time to File Further Motions (doc. no. 21) is hereby GRANTED. This order is limited to Count 1 of the original indictment and Count 7 of the superseding indicment as they relate to this defendant, Billy Gene Lawson. A ruling on the motions as they relate to the remainder of the superseding indictment is reserved and continued.

IT IS SO ORDERED.