**UNITED STATES of America**

v.

**Tommy Lyle JONES, II, Claude Remi Ferland, Gregory Lee Hall.**

**Nos. CR-1-87-113-07, CR-1-87-113-02 and CR-1-87-113-11.**

United States District Court, S.D. Ohio, W.D.

Feb. 22, 1988.

William Hunt, Kathleen Brinkman, Asst. U.S. Attys., Cincinnati, Ohio, for U.S.

Timothy A. Smith, Cincinnati, Ohio, Michael W. Cassidy, Milford, Ohio, for Jones.

Jack A. Goldberger, West Palm Beach, Fla., Thomas A. Schaffer (co-counsel), Dayton, Ohio, for Ferland.

James A. Staley, Milford, Ohio, for Hall.

### ORDER

SPIEGEL, District Judge.

This matter is before the Court for consideration of defendant Jones's motions for production of prior criminal records of government witnesses (doc. 7), for disclosure of informants (doc. 8), for discovery (doc. 9), to compel disclosure of wire communications (doc. 10), for production of the statements of non-testifying witnesses (doc. 11), for names and addresses of witnesses (doc. 13), for leave to adopt motions of co-defendants (doc. 14), for information

favorable to defendant (doc. 15) and for early production of Jencks Act material (doc. 16). The government has responded in opposition to the motions (doc. 18, 19 and attachments). Also pending before the Court are defendant Hall's motions for discovery (doc. 8), for a bill of particulars (doc. 9), for evidence notice (doc. 10), to dismiss (doc. 11), and to suppress (doc. 12). The government has responded in opposition to the motion for a bill of particulars and to the motion for discovery. Finally, defendant Ferland has moved for early disclosure of Jencks Act material (doc. 9), for disclosure of names, addresses and criminal records of government witnesses (doc. 10), for notice by the government of its intention to use arguably suppressable evidence (doc. 11), for production of psychiatric evaluations (doc. 13), to adopt the motions of his co-defendants (doc. 14), for a bill of particulars (doc. 15), for exculpatory evidence (doc. 16) and for a *James* hearing (doc. 17). The government has responded in opposition to every motion (docs. 18–25, respectively).

The defendant Jones was indicted by a federal Grand Jury on one count of conspiracy to distribute cocaine, 21 U.S.C. § 846. He has pleaded not guilty to the charge. Defendant Hall was named in the same indictment and charged with four counts involving conspiracy to distribute cocaine, 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1). He has pleaded not guilty to all counts. Defendant Ferland was indicted by the same Grand Jury on six counts involving conspiracy to distribute cocaine, 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1); 18 U.S.C. § 1952.

Because the defendants have moved to adopt their co-defendant's motions, the motions will be considered collectively in this Order.

■ Rule 16(a)(2), Fed.R.Crim.P., specifically excludes from pretrial discovery statements made by government witnesses or potential government witnesses except as provided by the Jencks Act, 18 U.S.C. § 3500. While the United States has the option to produce such material earlier than the time required under the Jencks Act, we do not have the authority to order the United States to do so. *United States v. Algie,* 667 F.2d 569 (6th Cir.1982). This Circuit has also ruled that a defendant is not entitled to pretrial disclosure of government witnesses or their criminal records. *United States v. Carter,* 621 F.2d 238 (6th Cir.1980), *cert. denied,* 449 U.S. 858, 101 S.Ct. 158, 66 L.Ed.2d 73 (1981). Further, the names of government witnesses are not discoverable. *United States v. Dark,* 597 F.2d 1097 (6th Cir.), *cert. denied,* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 183 (1979). Accordingly, defendant's motions for production of prior criminal records, for disclosure of informants and witnesses, for discovery, for production of the statements of non-testifying witnesses, for evidence notice, for notice of intent to use arguably suppressable evidence and for early production of Jencks Act material are denied.

*Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) require the government to disclose *at trial* evidence which is favorable to the defendant and which is material to the issue of guilt or punishment of the accused. Whether such information is, in fact, favorable or exculpatory in nature is determined by an analysis of the evidence "in light of all the attendant circumstances," *Jones v. Jago,* 575 F.2d 1164, 1166 (6th Cir.1978), "with doubtful questions [resolved] in favor of disclosure." *Agurs,* 427 U.S. at 108, 96 S.Ct. at 2399–2400; *United States v. Perkins,* 383 F.Supp. 922 (N.D.Ohio 1974).

The United States Court of Appeals for the Sixth Circuit has repeatedly stated that the *Brady* rule is not a discovery device and that it confers no *pretrial* rights or remedies. *United States v. Short,* 671 F.2d 178 (6th Cir.), *cert. denied,* 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332 (1982); *United States v. Moore,* 439 F.2d 1107 (6th Cir.1971); *United States v. Conder,* 423 F.2d 904 (6th Cir.), *cert. denied,* 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970) (emphasis added).

■ Thus, although a defendant may have his rights violated by a failure to disclose, *Brady* imposes no constitutional

burden of pretrial disclosure. As stated by the United States Court of Appeals for the Sixth Circuit in *Short:*

> This is not to say that a *Brady* violation may not occur when the prosecution fails to disclose exculpatory material in response to a pretrial motion. The violation may take place at anytime, but *Brady* may be invoked only when the trial has been completed. While the problem exists for a prosecutor before and during a trial, it becomes a concern of the Court after the trial has ended.

*Id.* at 187.

Therefore, defendants' motions for production of *Brady* material, including the request for production of psychiatric evaluations of government witnesses, are denied.

> The purposes of a bill of particulars are: to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purpose.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir.1976). Upon review of the indictment and the discovery already provided to defendants in this case, we do not think a bill of particulars is warranted. We believe that the defendants can divine the nature of the charges against them and the "scope of a future plea of double jeopardy." *United States v. Levinson*, 405 F.2d 971, 977 (6th Cir.1968), *cert. denied*, 395 U.S. 906, 958, 89 S.Ct. 1746, 2097, 23 L.Ed.2d 219, 744 *reh'g denied*, 396 U.S. 869, 90 S.Ct. 36, 24 L.Ed.2d 124 (1969). Moreover, on the state of the record, we do not expect that defendants will suffer prejudicial surprise at trial without our grant of their motion for a bill of particulars.

■ A bill of particulars is not available to obtain detailed disclosure of the government's evidence or theories prior to trial. *United States v. Kilrain*, 566 F.2d 979 (5th Cir.), *cert. denied*, 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978). Therefore, defendants' motions for a bill of particulars must be denied.

The government avers that it does not possess electronic surveillance evidence involving these defendants. Accordingly, the motions to compel discovery of wire communications are denied.

■ A hearing to determine whether hearsay statements of alleged co-conspirators are admissible in evidence against a particular defendant, held under the dictates of *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), is unnecessary in this Circuit because such statements are conditionally admitted subject to a ruling that the evidence is sufficient to establish the existence of a conspiracy. *United States v. Vinson*, 606 F.2d 149 (6th Cir.1979); *see Bourjaily v. United States*, —— U.S. ——, 107 S.Ct. 2775, 97 L.Ed.2d 144 (June 23, 1987). Therefore, defendants' motion for a *James* hearing is denied.

Defendant Hall has filed a motion to dismiss on grounds that there was no probable cause for his arrest. He also moves to suppress all evidence against him on grounds that it was obtained by means of an improper search and seizure. Neither motion is accompanied by a supporting memorandum as required by Rule 4.0.1, Rules of the United States District Court of the Southern District of Ohio. Consequently, the Court is unable to evaluate defendant's motion. It must therefore be denied.

Accordingly, all of the above-mentioned motions are denied.

SO ORDERED.