Dear Mr. Donovan:
This office is in receipt of your request for an opinion of the Attorney General in regard to monitoring business telephones by employers. You state in an effort to reduce cost of telephone service and lost employee man-hours due to unofficial personal telephone calls, telephone monitoring equipment has been installed which gives a print-out of telephone calls by date, time, number, and duration. This same equipment can be activated to monitor telephone conversations which would further efforts to prevent idle gossip in the work place and reduce personal calls to true emergency calls. In connection with the voice monitoring you ask the following questions:
 1. Is it considered legal and acceptable for management to voice monitor telephone calls in the work place;
 2. If such monitoring is considered legal and acceptable, is it required that the employees be advised in advance that telephone calls are subject to voice monitoring; and
 3. Can voice monitored telephone calls be legally recorded for subsequent use as documentation in the State Civil Service disciplinary process.
We do not find any Louisiana jurisprudence interpreting the constitutionality of the type of monitoring system you are considering. However, certain general principles of law can be considered which appear relevant.
First, all citizens of the state are protected from "unreasonable" searches and seizures by the Fourth Amendment of the United States Constitution, and to an even greater degree in the Louisiana Constitution, State v. Hernandez, 410 So.2d 1385
(La. 1981). Protection against an unreasonable search and seizure is a protection for a person who has an expectation of privacy.
This places the burden upon the department to establish that the monitoring serves a legitimate interest which outweighs the individual's right to privacy. This is a heavy burden and we cannot say the monitoring would be legal unless there is awareness of the procedure by the employees which brings us to your second question.
Your second question is if such monitoring is legal, is it required that the employees be advised in advance that the calls are subject to monitoring.
While we cannot conclude that the monitoring of business telephones that is not connected to law enforcement is legal for the purpose of efficiency of a department's operation if the policy is undisclosed to the employees, we reach a different conclusion when the employees are advised that the telephone calls are subject to voice monitoring. Under such circumstances there cannot be any claim of an expectation of privacy, and use of the telephone is an implied consent to the monitoring. Consent to a search and seizure removes it from the constitutional infringement of the right of privacy. Therefore, adequate notice to all employees would negate any claims that the person had an expectation of privacy. Consequently, there could be no claim of an unreasonable search and constitutional violation.
Moreover, we note that wire tap is not prohibited under federal law or state law where one of the parties to the communications has given prior consent to such interception, R.S. 15:1303,18 U.S.C. § 2511.
We feel the question of the validity of the consent must be considered in light of the need of the monitoring, the availability of other telephones for private calls, and if the refusal to consent would result in a termination of the employee.
In Watkins v. L.M. Berry Co, 704 F.2d 577 (11th Cir. 1983), the defendant company monitored business calls of employees for sales techniques and personal calls were not to be monitored. The court found the plaintiff had not consented to general monitoring but only sales calls, and if the monitoring went beyond the point of determining the nature of the call it went beyond the scope of the actual consent. Knowledge of the capability of monitoring alone cannot be considered implied consent.
In Simmons v. Southwestern Bell, 452 F. Supp. 392 (W.D. Okl. 1978), plaintiff worked at the testboard which was where all trouble reports from customers were received and dispatched. It was the policy of the company and understood by the employees that personal calls were not allowed from the testboard desk. There were other telephones available for personal calls. The plaintiff was warned of excessive use of the testboard telephone for private calls. The court found the plaintiff was in a sensitive and responsible position requiring immediate attention and action, and availability of both incoming and outgoings lines a was of paramount importance. It was concluded defendant's monitoring activity was reasonable when the nature of plaintiff's employment was considered with the fact that all employees at the testboard knew and had acquiesced to the defendant's monitoring of the testboard, and the defendant had a legitimate interest in quality control.
Similarly, in James v. Newspaper Agency Corp. 591 F.2d 579
(10th Cir. 1979) all personnel were notified there were monitors to allow supervisory personnel to monitor business calls to give training and instructions as to dealing with the general public. The court found, "Here the installation was not surreptitious, but with advance knowledge on the part of both management and its employees, and was for a legitimate business purpose."
We conclude that it is required that the employee be advised of the monitoring and that his consent be given freely, and do not feel consent is given freely if there is a possibility of loss of a job by failing to consent. While there is jurisprudence which requires employees in sensitive positions to consent to drug testing or polygraphs to hold their positions, we do not feel controlling the use of the telephone for job efficiency is analogous to controlling a sensitive position by testing so as to require consent or face dismissal from their position. Whether the consent to be monitored is given freely is a question of fact that we cannot determine, but we must conclude to conduct telephone monitoring the consent must be freely given by the employee when the monitoring is simply done as a means of controlling efficiency in the work place, and done indiscriminately.
In answer to your third question, after there is a freely given consent by an employee to have his business telephone monitored, we believe the recorded conversation has been legally secured and can be utilized in a disciplinary proceeding just as evidence seized by consent can be introduced in a criminal proceeding. As stated above, once there is a consent there is no expectation of privacy, and no unreasonable search or seizure. However, the major concern is that the consent has been given freely without any coercion from fear of dismissal.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours
 RICHARD P. IEYOUB Attorney General
 By: _______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR